LORETTA PADDOCK *vs.* CHRISTIAN KAPPAHAN and another.

October 29, 1889.

Evidence—Impeachment of Witness.—The rules that evidence should be
confined to facts material and relevant to the issue, and that impeachment
should not be allowed upon collateral matters, applied.

This action was brought in the district court for Wadena county,
and tried before *Sleeper*, J., and a jury, who found a verdict for plain-
tiff. A new trial was granted by *Holland*, J., and the plaintiff ap-
pealed.

*H. E. Rawson* and *Frank Willson*, for appellant.

*A. G. Broker*, for respondents.

DICKINSON, J. This is an action for the recovery of the possession
of personal property, the plaintiff alleging his ownership of the same.
The answer, among other matters pleaded, asserted a right of posses-
sion in the defendant Kappahan by virtue of a mortgage given by the
plaintiff to one Shepardson, and by the latter assigned to the defend-
ant Kappahan. The plaintiff replied, admitting the execution of the
mortgage set forth in the answer, but alleging that it was usurious.
After a verdict for the plaintiff a new trial was granted by the suc-
cessor in office of the judge who tried the cause. From that order
this appeal was taken. The issue of usury was the principal question
litigated upon the trial. Shepardson, the mortgagee, was an impor-
tant witness for the defendants upon that issue. The evidence in the
case was directly contradictory as to the fact upon which this issue
was to be determined. It having been shown that the alleged usu-
rious note and mortgage (for $140) had been given in place of a for-
mer note and mortgage for $130, given to Shepardson for a part of
the purchase price of a span of horses sold by Shepardson, the plain-
tiff was allowed, upon cross-examination of Shepardson, to interro-
gate him at some length as to whether he did not give a written bill
of sale of the property for which he received the first note and mort-
gage. A paper was shown him in that connection, and he denied
that the signature to it was his own. By other testimony, proof was

afterwards given of the signature of Shepardson, and it was received in evidence for the express purpose of impeaching Shepardson. This is the principal ground upon which a new trial was granted. It was error to allow this course of examination and impeachment, for the reason that it did not relate to any material fact in issue. There was no dispute as to the facts that Shepardson had taken the $130 note and mortgage, and that the note and mortgage in question were given in renewal or extension of the same debt. The controversy as to whether Shepardson gave a bill of sale of the property, the sale in fact not being questioned, was wholly irrelevant to the issue in this case; nor was it material whether he in fact sold, and included in a bill of sale, some other property (whiffle-trees) besides the horses; nor whether the bill of sale, if one was given, named this plaintiff or her husband as the vendee. All this had no bearing upon the question whether the $10 added to the former debt when the mortgage in question was given was a mere usurious exaction, as the plaintiff testified, or was for certain expenses incurred by the mortgagee, and which the mortgagor had undertaken to pay, as Shepardson testified. Under the rule requiring that the evidence be confined to matters material and relevant to the issue, and forbidding impeachment upon collateral matters, the evidence was not admissible. In determining the issue in this case the credibility of the witness Shepardson was involved, and became important for the consideration of the jury. It may be that the erroneous course of cross-examination and impeachment affected the result, and the order granting a new trial for this cause should be affirmed.

Whether or not a reply was necessary to put in issue the question of usury, there was no prejudice from the refusal of the court to strike it out.

Order affirmed.