## STATE v. WOJCIECH POTONIEC.[1]

February 2, 1912.

Nos. 17,412—(4).

**Homicide — evidence.**

Defendant was convicted of murder in the second degree. It is *held:*

1. The verdict was justified by the evidence.

2. The court did not err in the admission of evidence or in its instructions.

Defendant was indicted and tried in the district court for Hennepin county for the crime of murder in the first degree. The jury found him guilty of the crime of murder in the second degree, and he was sentenced to hard labor in the state prison for his natural life. From an order, Hale, J., denying his motion for a new trial, defendant appealed. Affirmed.

*James A. Kellogg,* for appellant.

*George T. Simpson,* Attorney General, and *James Robertson,* County Attorney, for the State.

1 Reported in 134 N. W. 305.

[Note]   As to when confession is voluntary, see elaborate note in 18 L.R.A. (N.S.) 768.

BUNN, J.

Defendant was tried on an indictment charging him with murder in the first degree, alleged to have been committed October 7, 1907, by strangling Anna Potoniec, his wife. He was convicted of murder in the second degree, and appeals from an order denying a new trial.

1. Defendant contends that the verdict was not justified by the evidence. We have carefully examined the record, and are unable to sustain this contention. Defendant and deceased were husband and wife, and for some time prior to October 7, 1907, lived together in rooms on the second floor of a building at 1215 Third Street North, in Minneapolis. On Monday, October 7, 1907, defendant packed his personal effects in a trunk and left for Chicago. On Sunday, October 13, the occupant of the ground floor of the building, having heard no movements in the rooms above during the week, unlocked the door and with two friends entered the rooms. They found Mrs. Potoniec lying dead on a mattress. She was dressed, and covered with a quilt. A cloth was tied tightly around her neck, knotted at the back and in front. Her face was swollen and black, and decomposition had begun. The cloth cut into the neck half an inch, and there was blood which apparently had come from the mouth of deceased. Mrs. Potoniec was last seen alive on October 7, and it was not contended that she did not die on that day. Three physicians testified that death was caused by strangulation. Defendant was indicted in November, 1907, and was arrested in Chicago in March, 1911. He at first gave an assumed name, but finally gave his correct name, and made statements to the officers, and afterwards to the county attorney, in which he admitted striking and choking his wife, throwing her down, and leaving for Chicago. A letter written by defendant to his mother October 10, 1907, was received in evidence. In this letter defendant stated that he had struck his wife in the face, that she had then taken poison and he left, not knowing whether she was dead or not. This outline is sufficient to indicate that there is no merit in the contention that the verdict of guilty was not justified. We hold that the evidence was amply sufficient to sustain the verdict.

117 M.—6.

2. It is urged that the trial court erred in admitting the testimony of medical witnesses to the effect that in their opinions death was caused by strangulation. The claim is that this was an invasion of the province of the jury. We hold that the testimony was properly received.

It is argued that the constitutional inhibition that the accused shall not be compelled to testify against himself was violated by the admission in evidence of his statements made to the officers, and to the county attorney, and the letter to his mother. This point cannot be sustained, unless we hold that no confession of an accused person can be used against him because of this constitutional provision. Such a holding would have no basis in logic or common sense. An accused is not compelled to testify against himself when he makes a voluntary confession, and a confession is voluntary when it is not induced by a threat of harm or a promise of favor or reward held out by a person in authority. Clearly the evidence was admissible under this rule. State v. Staley, 14 Minn. 75 (105).

As defendant was acquitted of murder in the first degree, he was not prejudiced by any inaccuracy in the court's instructions as to premeditation.

Defendant complains because the jury was not permitted to find him guilty of manslaughter. There was no evidence to justify such a verdict, and the trial court was correct in informing the jury that it was their duty to convict of murder in the first or second degree, or acquit. State v. Nelson, 91 Minn. 143, 97 N. W. 652.

Order affirmed.

PHILIP E. BROWN, J., absent on account of illness, took no part.