# STATE v. ALBERT J. RUSK.[1]

## October 31, 1913.

## Nos. 18,276—(10).

**Homicide — evidence.**

1. Defendant's contention, on a trial for murder, that the state failed to prove the corpus delicti in that there was no direct evidence that deceased was a human being, *held* without merit; and likewise his claim that the

[1] Reported in 143 N. W. 782.

evidence was insufficient to show deceased died from wounds inflicted by him. .

**Charge to jury.**

2. Assignment of error to the action of the court in charging that the killing of deceased by defendant was admitted, and that the only defense was insanity, overruled.

**Failure to charge.**

3. Failure to instruct on manslaughter *held,* under the evidence, not error.

Defendant was indicted for the crime of murder in the first degree, tried in the district court for Hennepin county before Jelley, J., and a jury, and convicted of the crime of murder in the second degree. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Solem & Solem* and *Charles E. Smith,* for appellant.

*Lyndon A. Smith,* Attorney General, *James Robertson,* County Attorney and *Mathias Baldwin,* Assistant County Attorney, for respondent.

PHILIP E. BROWN, J.

Appeal from an order denying a new trial, after conviction of murder in second degree on an indictment charging murder in first degree.

Defendant, aged 24 years, and deceased were husband and wife. Shortly prior to October 2, 1912, they became estranged and separated. On the day stated they met at the home of defendant's sister, in Minneapolis, and each accused the other of being responsible for their domestic troubles, deceased finally saying: "We are separated, but the first chance I get on you I am going to get me a gun and I am going to get even with you." Whereupon he obtained his revolver, caliber 38, from an adjoining room, and, returning, shot her four times in the chest. She, to defendant's knowledge, was unarmed, and he was not afraid of her. Immediately after the shooting he left the house, stating that he had shot his wife and was going to give himself up. Neighbors came in at once, and shortly thereafter she died. A few minutes later the coroner arrived and saw.

the body while it was still warm, and after its removal to the morgue he, with the assistance of another physician, performed an autopsy, ascertaining the bullet wounds to be the cause of death. On the same evening defendant gave detailed accounts of the tragedy to the police and county attorney, admitting the facts with regard to the shooting as recited. Insanity was the only defense suggested at the trial. The court so charged, but also submitted forms of verdict for murder in the first and second degrees, not guilty on the ground of insanity, and not guilty.

1. Appellant contends that inasmuch as our statutes define murder as the killing of a "human being," etc., and no witness directly testified that deceased was such, the state failed to prove the corpus delicti. He likewise urges that there was no testimony that she died from wounds inflicted by him. These points are too trivial to merit discussion.

2. Defendant assigns error because the court charged that the killing of deceased was admitted and that the only defense was insanity, arguing that his admission of the shooting was not tantamount to an admission that he killed deceased, and that these questions should have been submitted to the jury. No such claim was made on the trial, and it is evident from its course that the court gave defendant full benefit of the only defense made. We have held it unnecessary for defendant in a criminal action to except to instructions and that such must correctly state the law (State v. Hutchison, 121 Minn. 405, 409, 141 N. W. 483); but it does not follow that, when represented by counsel, as in the present case, he may allow the court, in its charge, to misstate his position without calling its attention to such misapprehension, and then subsequently found error thereon. In such a case the same rule applies as in civil actions. The present Chief Justice, in State v. Nelson, 91 Minn. 143, 145, 97 N. W. 652, 653, has used language pertinent to this appeal:

"In all cases removed to the highest court for review, the evidence, when returned on the appeal, should first be looked to for the purpose of determining the guilt or innocence of defendant. If there be no doubt of his guilt, alleged errors not affecting his substantial or constitutional rights should be brushed aside, and in their place

substituted the almighty force and power of truth. The conviction of an innocent person is far too remote a probability to justify an application of the technical rules of law so necessary in olden times, when persons were not surrounded by the same constitutional and statutory safeguards as at the present day. The safeguards thrown around accused persons are not intended as a means to enable the criminal to effect an escape from the punishment his crime calls for, but to protect the innocent and secure to all a fair, impartial, and orderly trial on definite lines of procedure."

When the evidence is viewed in the light of these observations, defendant's contentions cannot be sustained.

. We find no ground for the claim that the charge was argumentative. Nor did the court err in failing to instruct on manslaughter. State v. Nelson, supra; State v. Ronk, 91 Minn. 419, 98 N. W. 334; State v. Potoniec, 117 Minn. 80, 134 N. W. 305.

Order affirmed.