## STATE v. ALBERT SAILOR.[1]

June 18, 1915.

Nos. 19,207—(10).

**Criminal law — presumption of innocence — case overruled.**

1. The defendant in a criminal prosecution, whether the issue of fact be one of intent or other fact, is entitled to a charge upon the presumption of innocence, overruling State v. Borgstrom, 69 Minn. 508. A failure to give such charge is not rendered harmless by giving a proper charge upon proof beyond a reasonable doubt; but if the defendant makes no request for such charge the omission to give it will not result in a reversal.

**Same — jury exclusive judges of fact.**

2. When the court reviews the evidence the defendant is entitled to a charge that the jury are the exclusive judges of all questions of fact;

[1] Reported in 153 N. W. 271.

Note.—The authorities passing upon the right of the court to caution jury as to believing testimony of accused in his own behalf, are reviewed in a note in 19 L.R.A.(N.S.) 802.

but a failure to so charge, no request being made, will not result in a reversal.

**Same — charge to jury — interest of defendant.**

    3. The charge of the court upon the interest of the defendant and its effect upon his testimony is disapproved; but it is *held* that it was not of a character justifying a reversal.

Defendant was indicted by the grand jury, tried in the district court for Hennepin county before Hale, J., and a jury, and convicted of forgery in the second degree. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John P. Nash* and *William M. Nash,* for appellant.

*James Robertson,* County Attorney, and *Mathias Baldwin,* Assistant County Attorney, for respondent.

DIBELL, C.

The defendant was convicted of forgery in the second degree and appeals from the order denying his motion for a new trial. The case is before us on a bill of exceptions. The evidence is not returned. The assignments refer to errors alleged in the charge. There are three points for consideration:

(1) Whether, considering the nature of the presumption of innocence, and the defendant's right to it, the court, having charged upon proof beyond a reasonable doubt, committed reversible error in not charging upon the presumption, a charge not being requested.

(2) Whether the court, having reviewed the evidence, committed reversible error in failing to charge the jury that they were the exclusive judges of all questions of fact, a charge to such effect not being requested.

(3) Whether the court erred in its charge to the jury upon the interest of the accused as bearing upon his credibility.

1. The first point suggested for discussion, as it comes for final determination, presents a simple question; but its correct determination requires some consideration of the nature of the presumption of innocence, alone and in connection with the doctrine of reasonable doubt, the nature of the defendant's right to an announcement of

the presumption in his behalf, and some inquiry into the general law and our own holdings upon the right to relief on the appeal of a defendant who has not asked, and has not had accorded him, rights which must have been given him if asked.

A defendant on trial for a criminal offense is entitled to the presumption of innocence. The declaration of the statute is as follows:

"Every defendant in a criminal action is presumed innocent until the contrary is proved, and in case of a reasonable doubt is entitled to acquittal; and when an offense has been proved against him, and there exists a reasonable doubt as to which of two or more degrees he is guilty, he shall be convicted only of the lowest." G. S. 1913, § 8508 (R. L. 1905, § 4784).

In the case before us the court did not charge upon the presumption of innocence and an instruction was not asked. It charged fully enough upon proof beyond a reasonable doubt; and it is claimed that such a charge includes the elements which make up the essentials of the presumption of innocence.

There has been considerable discussion as to the precise nature and character of the presumption of innocence. In Coffin v. United States, 156 U. S. 432, 15 Sup. Ct. 394, 39 L. ed. 481, an elaborate discussion was had, and the conclusion reached was that the presumption was in the nature of evidence in favor of the accused, and that the giving of the charge on reasonable doubt did not put before the jury the presumption of innocence. This case gave occasion for an article by Professor Thayer, treating in a scholarly way of the presumption and opposing the view of the court that the presumption was evidentiary in character. Thayer, Prel. Treat. Ev. 551. It has been suggested that the court has departed from its holding in the Coffin case. We do not find this to be so. The fact is to the contrary. It has twice held it not to be error to refuse an instruction embodying the evidence feature of the presumption, a clear instruction on the presumption being given, and it has been suggested that in certain situations it might be confusing to refer to the evidentiary feature. Holt v. United States, 218 U. S. 245, 31 Sup. Ct. 2, 54 L. ed. 1021, 20 Ann. Cas. 1138; Agnew v. United States, 165 U. S. 36, 17 Sup. Ct. 235, 41 L. ed. 624. But it has constantly held

against the identity of reasonable doubt and the presumption of innocence. Cochran and Sayre v. United States, 157 U. S. 286, 15 Sup. Ct. 628, 39 L. ed. 704; Kirby v. United States, 174 U. S. 47, 19 Sup. Ct. 574, 43 L. ed. 809. Some cases have followed and some have refused to accept the evidence feature. See 12 Rose's Notes, 692; 3 Rose's Supp. 558; 5 Rose's Supp. 545; 2 Chamberlayne, Ev. 1172, et seq.

Refinements aside, and leaving the genesis and destiny of the presumption of innocence to others, we are presently concerned with such practical use of it as will meet the requirements of the every day administration of the criminal law and observe the commands of the statute.

The jury see the defendant in court under guard, or, if he is at large, they know he is so because he has given a bond satisfactory to the court. He is not like the civil defendant. They know that a grand jury, which has listened to witnesses, has sent him to them for trial. It is a natural suspicion, an unavoidable one, that some wrong has been done with which he is concerned. While the accusation may be untrue, the grand jurors have presented him by their indictment as guilty. Indictments do not suggest innocence. The law endeavors to give the defendant a fair trial by warning the jury to keep from their minds the suspicions which naturally arise and by cautioning them to keep to the evidence. It endeavors, through the use of the presumption of innocence, to put the defendant before the jury, so far as may be, on a level with the civil defendant. It endeavors to confine the jury to the evidence before it, unaffected by the suspicions aroused by the situation of the defendant. Utterance has been given to a deal of exaggerated language relative to the presumption, its sacredness and the like. With this we have no sympathy. We appreciate that the necessity of the use of the presumption is not so great as when the accused was less fairly treated at the trial; but under the statute, and under the authorities, the defendant, if he asks for it, cannot be legally denied it; and a charge upon proof beyond a reasonable doubt does not include a charge upon the presumption of innocence. See 1 Jones, Ev. § 12a; 4 Wigmore, Ev. § 2511.

The observations of Dean Wigmore appeal to us:

"But in a criminal case the term does convey a special and perhaps useful hint, over and above the other form of the rule about the burden of proof, in that it cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusion solely from the legal evidence adduced. In other words, the rule about burden of proof requires the prosecution by evidence to convince the jury of the accused's guilt; while the presumption of innocence, too, requires this, but conveys for the jury a special and additional caution (which is perhaps only an implied corollary to the other), to consider, in the material for their belief, *nothing but the evidence*, i. e., no surmises based on the present situation of the accused—a caution particularly needed in criminal cases. So far, then, as the 'presumption of innocence' adds anything, it is merely a warning not to treat certain things improperly as evidence." 4 Wigmore, Ev. § 2511.

Mr. Jones, in a like connection, says:

"This distinction has been well marked. The presumption of innocence, supplemented by any evidence an accused may adduce, together with the evidence against him, constitute the elements from which the legal conclusion of his guilt or innocence is to be drawn; whereas reasonable doubt is the condition of mind produced by the proof resulting from the evidence." 1 Jones, Ev. § 12b.

We take it to be well settled law that a court may not, when properly requested, refuse to charge the jury upon the presumption of innocence; and though the court may often refuse to give an instruction in the words of counsel it must, when its attention is called to the presumption, state to the jury, in fair words, its import. Our attention has been called to State v. Borgstrom, 69 Minn. 508, 72 N. W. 799, 975. There the defendant requested a specific charge upon the presumption of innocence. It was refused and none was given. The supreme court held the refusal not error, apparently upon the theory that the only question involved was the criminal or innocent intent of the defendant in doing an act the doing of which was admitted. We do not understand this to be the law, no other case so holds, and insofar as State v. Borgstrom holds that

there can be a fair trial without the benefit of the presumption of innocence, when it is asked, though the issue be upon the question of intent, as largely it is here, it is overruled.

We are safe, then, in saying that whatever the issue of fact, and notwithstanding a proper instruction on proof beyond a reasonable doubt, the omission to give a charge upon the presumption of innocence, if it is asked, is reversible error. The next question is whether the omission to give it, when not asked, is reversible error.

It is the established general rule that a failure of the court to instruct, in the absence of a request, is not reversible error, even in a criminal case. 2 Thompson, Trials, § 2339. Some hundreds of cases may be found, illustrating applications of this rule, in 14 Cent. Dig. Crim. Law, § 1999, et seq., and 6 Dec. Dig. Crim. Law, § 824, et seq. In State v. Zempel, 103 Minn. 428, 115 N. W. 275, the court, Elliott, J., in referring to a failure to instruct when not requested, said:

"If the defendant was not satisfied with the instructions given by the court, he should have submitted such requests for instructions as he desired. Where no requests for instructions are made, it is not reversible error for the court to fail to instruct upon any particular issue. * * * This rule—like that which makes it incumbent upon a person to call the attention of the court to errors in the charge which are the result of mere oversight or inadvertence, which is thoroughly established in civil cases—applies equally in criminal cases."

So, in State v. Lawlor, 28 Minn. 216, 9 N. W. 698, where there was a failure to instruct that there could not be a conviction upon the testimony of an accomplice unless he was corroborated by other evidence, and no request for an instruction as to corroboration was made, the court said [p. 224]:

"But an omission to charge the jury upon a particular point is not error, unless the court is asked so to do at the trial. There would be many mistrials if the validity of the verdicts depended upon the judges charging the jury upon every point of law which could properly be raised in the case."

In State v. Johnson, 37 Minn. 493, 35 N. W. 373, an indictment

for murder in the first degree, the court defined murder in the first and second degrees, and manslaughter in the first degree, but did not define manslaughter in the second degree. The statute hereinbefore quoted, which asserts the presumption of innocence, and requires proof beyond a reasonable doubt, provides that when there exists a reasonable doubt as to which of two or more degrees the defendant is guilty, he can be convicted only of the lowest. No request to charge was made, though the defendant excepted at the time to the failure of the court to define second degree manslaughter. It is likely that under our present practice an exception would be held sufficient without a specific request to charge. The omission to charge was held not reversible error, the court saying [p. 497] :

"Had the defendant supposed such definition would be of any benefit to him, he ought to have requested it to give such definition, and, not having done so, there was no ground for the exception."

It might be imagined that the idea of the presumption of innocence, and that of reasonable doubt, and the exclusive province of the jury in judging facts, are so ingrained in our jurisprudence that the defendant has the right to their giving without the asking; but a search of the authorities discovers no really substantial support to the suggestion; and the likely explanation of the lack of authorities is that so well grounded is the notion of the presumption in our jurisprudence that seldom does an omission to give it afford an opportunity for an adjudication. And it is likely true that so few are the omissions to give the charge that the adopted rule rarely works an injustice; and the enforcement of a definite rule conduces to a better practice.

We follow the weight of authority and the suggestion of our prior decisions and hold that the defendant, not having asked for an instruction upon the presumption of innocence, cannot now complain that none was given. The misfortune of a defendant, whose employed or appointed attorney fails to guard his interest when the court inadvertently omits the instruction, and the prosecuting attorney does not call attention to it, as properly he might, must be borne by him alone. The law has no relief for him.

We do not say that in no case will this court give relief where

there has been a failure to protect the interests of a defendant. A case may arise where the court so fails to present the case to the jury that unmistaken prejudice results. In such a case this court is not without power to remedy a wrong clearly done.

2. The statute, G. S. 1913, § 9207 (R. L. 1905, § 5365), reads as follows:

"In charging the jury the court shall state to them all matters of law which it thinks necessary for their information in rendering a verdict, and, if it shall present the facts of the case, shall, in addition, inform the jury that they are the exclusive judges of all questions of fact."

The court reviewed the facts and analyzed the evidence, calling the attention of the jury to certain elements in the proof.

That it would have been error to refuse a charge that the jurors were the exclusive judges of all questions of fact is clear. The defendant made no request for such a charge.

What we have said in the preceding paragraph is sufficient. It is regrettable that a charge such as intended by the statute was not given. The omission to give it, no request being made, was not reversible error.

3. The court directed the attention of the jury to the interest of the defendant in the outcome of the prosecution in words, among others, as follows:

"The defendant has an interest in the outcome. He has gone on the stand and told his story, and, as I say, it does not follow that because he is interested that he testified untruthfully, but you have the right to take into consideration his interest, and you will take into consideration all the facts in the case and the probability or improbability of a witness' evidence being true or false and determine from the whole case whether the defendant is guilty or innocent of the crime charged in this indictment."

That what was stated was correct is not in controversy. That, however, does not meet the contention of the defendant. The claim urged is that the court singled him out and commented upon his interest in such a way as to prejudice him. A search of our cases discloses none which quite control this. The following have some

similarity: State v. Ames, 90 Minn. 183, 96 N. W. 330; State v. Lucy, 41 Minn. 60, 42 N. W. 697; Harriott v. Holmes, 77 Minn. 245, 79 N. W. 1003. There are many cases outside this jurisdiction holding such instruction proper. There is apparently a much larger number holding it improper. See note 19 L.R.A.(N.S.) 814–825. We do not approve it. We see no necessity, in the practical administration of the criminal law, of a suggestion to the jury that the defendant is in a position to be peculiarly tempted to falsify. Sometimes it may be proper, because of the course the trial has taken, to caution the jury that the defendant's testimony should not be disregarded because of his position; but more often references to his testimony and his interest are intended, or at least are more readily so construed, to disparage his testimony, and have that effect. If proper, in justice to the defendant, to caution the jury not to disregard his testimony because of his position, it should be done directly and explicitly; and the burden which he bears of meeting the case of the state by his own testimony should not be increased by remarks of the court disparaging it. While we do not approve the portion of the charge quoted, we cannot say, taking into consideration the general fair nature of the charge as a whole, that its giving was reversible error.

Order affirmed.