# OLE P. GRUBEN v. TROUT LAKE LUMBER COMPANY.[1]

June 18, 1915.

Nos. 19,138—(45)

**Case followed — damages.**

Verdict, as reduced to $375, not so large as to warrant a new trial or further reduction. [Reporter.]

Action in the district court for St. Louis county to recover $900 for flooding plaintiff's premises abutting upon Vermilion lake. The case was tried before Cant, J., who denied defendant's motion to dismiss the action, and a jury which returned a verdict for $550. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $375. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.
*John Jenswold* and *C. R. Magney,* for respondent.

PER CURIAM.

This is an action brought to recover damages to the land of plaintiff from flowage alleged to have been caused by the unlawful acts of defendant. As far as concerns the question of liability the issue is the same as in the case of Wadman v. Trout Lake Lumber Co. supra, page 80, 153 N. W. 271, and, following the decision in that case, we hold the evidence sufficient to sustain a finding that defendant is liable.

The jury awarded damages in the sum of $550. The trial court ordered a new trial unless plaintiff would consent to a reduction of the amount to $375. To this plaintiff consented. The damage complained of was damage to hay land and consisted in destroying the crop and killing the roots of the grass. The damages as reduced are liberal, but not so excessive as to warrant a new trial or further interference with the amount.

Order affirmed.

[1] Reported in 153 N. W. 271.