## STATE v. CLEMENS GAULARPP.[1]

### October 31, 1919.

### No. 21,402.

**Assault and battery — verdict sustained.**

1. The evidence is sufficient to sustain the verdict of assault in the second degree.

**Same — omission to request submission of question of degree to jury.**

2. The evidence was such that it was for the jury to determine whether the offense committed by defendant was of a lesser degree than the one named in the indictment and verdict, but no error can be predicated upon the failure to submit that question to the jury, for the record does not show a request to submit the same, or any objection, made before the jury retired, to the charge on that score.

Defendant was indicted by the grand jury of McLeod county charged with the crime of assault in the second degree, tried in the district court for that county before Tifft, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John J. Fahey,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Linus O'Malley* and *William O. McNelly,* for respondent.

[1]Reported in 174 N. W. 445.

HOLT, J.

The defendant was convicted of assault in the second degree, and appeals from the order denying a new trial.

The indictment charged defendant with having wilfully and wrongfully committed an assault inflicting grievous bodily harm upon one A. R. Roper. The testimony shows that, after supper on December 7, 1918, defendant, employed by a farmer near Glencoe, accompanied a neighboring farmer's son into town. Defendant visited stores and saloons with one or more of the young men whom he met, and had several drinks of beer and whiskey. At about 11:30 in the evening, as he and three companions walked north in front of the Commercial Hotel, they met Mr. Roper, recognized by defendant as the person who, some four weeks previously, had accosted him as a Hun. In passing, defendant struck Roper. Roper says he was struck a crushing blow which caused him to fall unconscious to the sidewalk, that he staggered to his feet, and, after walking a few steps, fell a second time. He received a cut less than an inch in length on the chin. Back of the right ear and around one ankle painful swellings indicated an injury. There was no bruising of tissues except on the chin. Roper claimed that for a time he suffered great pain in masticating his food, and thought his hearing somewhat affected.

Defendant admits giving Roper a slap, but says it was done with the open hand. From the testimony of the physician, called in the afternoon of the next day to treat Mr. Roper, a jury could readily find that but one blow was struck with the naked hand, that the cut on the chin and the other visible marks of injury could have been received in falling, and that there was no impairment of the functions of the ear, except, perhaps, a temporary dullness. Neither Mr. Roper nor the physician was prepared to assert that defendant's testimony that but one blow was struck was untrue.

Only two assignments of error require consideration, viz.: (1) That the evidence does not support the conviction of assault in the second degree; and (2) that a new trial should have been granted because the court failed to submit assault in the third degree to the jury.

We cannot hold, as a matter of law, that the evidence does not fairly sustain the verdict rendered. What is a grievous or serious bodily harm is ordinarily a jury question, to be determined in view of the facts sur-

rounding the assault and the consequences thereof on the victim. Accepting at its full value Mr. Roper's recital of the pain suffered and his say-so that he has not fully recovered the health he enjoyed prior to the assault, the jury might well conclude that grievous bodily harm was inflicted.

But we are also clear that the evidence presented a case justifying the submission to the jury of defendant's guilt of assault in the third degree. The jury could well find that there was no serious or grievous bodily harm done Mr. Roper. Pain, superficial or trivial wounds and temporary impairment of some organ of the body are experienced by the victim in most of the ordinary assault and battery cases that do occur. But the presence of one or all of such results does not, as a matter of law, bring them within second degree assaults. From the testimony in this case the jury could well come to the conclusion that neither the blow struck by defendant, nor its consequences, indicated a greater offense than a third degree assault. We cannot accept the suggestion of counsel for respondent, that State v. Damuth, 135 Minn. 76, 160 N. W. 196, is authority for holding that no lesser degree of crime than assault in the second degree could have been submitted to the jury in the case at bar. The cases are not parallel. There an eye, one of the most useful members of the body, was totally destroyed and lost. The effect upon the victim of the assault was permanent and serious. Opinions could not well differ as to its being a grievous bodily injury or harm.

Although of the opinion that the jury should have been allowed to determine whether the defendant was guilty of third degree assault, we think he is in no position to take advantage thereof on this appeal. His counsel admits that the record is silent as to any request to submit a lesser degree of crime than the one charged in the indictment, and that it does not show that at the trial the court's attention was called to the defect now urged. We are not permitted to consider statements as to what passed between court and counsel which are not incorporated in the settled case, and must treat the question now discussed as being first presented in the motion for a new trial. It is thoroughly settled in this state that a failure to instruct on a particular phase presented by the evidence is not reversible error in the absence of a request to instruct thereon, or an objection, before the jury retires, apprising the court that an

omission has been made in the charge which the party desires supplied. The rule is very fully considered in State v. Sailor, 130 Minn. 84, 153 N. W. 271, and State v. Johnson, 37 Minn. 493, 35 N. W. 373, therein cited, is directly in point upon the omission to charge upon a lesser degree of crime than the one named in the indictment.

It is readily conceivable that a defendant charged with assault in the second degree should deem his chance of acquittal more probable if the jury were not given the alternative of finding him guilty of a lesser offense, and hence he keeps silent when the court omits to submit the lesser degree. Of course, if erroneous instructions are given, advantage thereof may be taken on the motion for a new trial, under our present practice, even though not excepted to at the trial, and that was the situation in State v. Hutchison, 121 Minn. 405, 141 N. W. 483, and State v. Almos, 122 Minn. 479, 142 N. W. 801, relied on by defendant. State v. Rusk, 123 Minn. 276, 143 N. W. 782, also cited by him is in line with State v. Sailor, supra.

Upon the record as we find it there is no prejudicial error.

Order affirmed.