## STATE v. WALTER BRINKMAN AND OTHERS.[1]

### January 23, 1920.

### No. 21,506.

**Conviction for lesser degree of crime than charged in indictment.**

  1. Under an indictment for one degree of a crime a defendant may be convicted of a lesser degree if the facts warrant, and, the facts so warranting, he is entitled to a charge to that effect.

**Assault — refusal to charge on lesser degree error.**

  2. The defendants were indicted for assault in the second degree. The evidence was such as to justify a finding that the assault, if committed, was in the third degree. A refusal to instruct upon the third degree was error.

  Defendants were indicted by the grand jury of McLeod county charged with the crime of assault in the second degree, tried in the district court for that county before Tifft, J., who when the state rested granted the motion of defendant Donnay to dismiss as to him and denied the motion of the other defendants to dismiss as to them, and at the close of the testimony denied defendants' motions to dismiss or to direct a verdict in their favor, and a jury which found defendants guilty as charged in the indictment. From the order denying their motion for a new trial, defendants Brinkman, Hanson and Graupman appealed. Reversed.

  *P. W. Morrison* and *John J. Fahey,* for appellants.

  *Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *William O. McNelly,* County Attorney, for respondent.

DIBELL, J.

  The defendants Brinkman, Graupman and Hanson were convicted of assault in the second degree and appeal from the order denying their motion for a new trial.

  1. Under an indictment for one degree of a crime a defendant may be

  [1]Reported in 175 N W. 1006.

convicted of a lesser degree of the same crime if the facts warrant. G. S. 1913, §§ 8476, 9213. And, if the evidence is such that a jury may convict of the lesser degree, the accused is entitled to an appropriate instruction submitting the lesser degree. State v. Smith, 56 Minn. 78, 57 N. W. 325.

2. None of the three defendants personally committed the assault. It was committed by one Gaularpp. See State v. Gaularpp, 144 Minn. 86, 174 N. W. 445. No weapon was used. The allegation of the indictment, making the assault charged assault in the second degree, was that grievous bodily harm was inflicted. The evidence is ample to justify a finding that the injury was not greater than such as often attends a third degree assault and that grievous bodily harm was not inflicted. The degree was for the jury. The defendants requested an appropriate instruction that third degree assault be submitted and it was error to refuse it.

The error results in a new trial, and we assume, without deciding, that the evidence was such as to make the three defendants liable equally with Gaularpp for the assault which he personally committed.

Order reversed.