STATE v. EPHRIAM BEAUDETTE.[1]

October 8, 1926.

No. 25,538.

**Conviction sustained by evidence.**
    1. The evidence supports the verdict of the jury finding the defendant guilty of the crime of carnal knowledge of a female child.

**Failure to give instruction not reversible error in absence of request.**
    2. In the absence of a request for an instruction that defendant might be found guilty of a lesser offense, there was no reversible error in the failure to give such an instruction.

**Error, if any, waived by failure to call omission to attention of jury.**
    3. Defendant objected to a remark made by the county attorney in his closing address to the jury. The court said the objection would be covered in the instructions, but failed to refer to it in charging the jury. The omission was not called to the court's attention. Whether

[1]Reported in 210 N. W. 286.

the remark was of a prejudicial nature is doubtful, but, if it was, defendant's failure to call the court's attention to it waived the point.

Criminal Law, 16 C. J. p. 914 n. 12, 19; p. 915 n. 40; p. 1024 n. 80. Rape, 33 Cyc. p. 1491 n. 52.

Defendant was convicted in the district court for Dakota county before Schultz, J., of the crime of carnal knowledge of a female child under the age of 14 years. He appealed from an order denying his motion for a new trial. Affirmed.

*C. R. Empey, T. B. Flanery* and *C. J. Foley,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General and *Alfred Joyce,* County Attorney, for respondent.

LEES, C.

The defendant was accused by the grand jury of Dakota county of the crime of carnal knowledge of a female child 12 years of age. He was convicted and has appealed from an order denying his motion for a new trial.

He contends that the motion should have been granted because the verdict is not supported by the evidence. The alleged offense was committed in the defendant's house while his wife was absent. It is our opinion that the testimony of the child assaulted, and of another little girl who was with her and witnessed defendant's acts, justified the jury in returning a verdict of guilty, notwithstanding defendant's denial of the charge and his testimony that he was not at home at the time fixed by the state in its proofs.

The fact that there was no immediate complaint by the girl assaulted, that no physical examination was made by a physician until about four months later, and that there was no showing of physical injury, were circumstances in defendant's favor, but were not sufficient to require the jury to find that defendant's guilt had not been established beyond a reasonable doubt.

Citing State v. Glaum, 153 Minn. 219, 190 N. W. 71, and State v. McLeavey, 157 Minn. 408, 196 N. W. 645, counsel for defendant contend that the court erred in failing to instruct the jury that

defendant might be found guilty of an indecent assault or a lesser offense than that of carnal knowledge. Such an instruction was not requested, hence the point is ruled against defendant by State v. Gaularpp, 144 Minn. 86, 174 N. W. 445, and cases cited therein, and by State v. McLeavey, supra.

In his direct examination defendant was asked whether he was ever charged with the commission of any other offense, and answered in the negative. On cross-examination, his attention was called to the question and his answer, and this question was put to him: "You really have been charged with other offenses, haven't you?" Answer: "At South St. Paul, this other charge."

In his address to the jury, referring to the defendant, the county attorney said: "He admitted he was arrested by his wife for abusing her." Here defendant's counsel interrupted with an objection to any reference to defendant's supposed trouble with his wife. The court said that the jury would be instructed as to the objectionable remark. In charging the jury, the court made no reference to the remark complained of. Defendant now assigns the omission as error. The omission may have been inadvertent and, if counsel for defendant deemed it prejudicial, they should have called it to the attention of the court at the conclusion of the charge. Dun. Dig. § 9798.

In any event, whether a new trial should be granted because of improper remarks of the county attorney is largely within the discretion of the trial court, State v. Hass, 147 Minn. 269, 180 N. W. 94, and the incident complained of was not of sufficient importance to justify this court in holding that there was an abuse of discretion.

In justice to defendant's present counsel, it should be said that they did not represent defendant at the trial.

Order affirmed.