# STATE v. JAMES JENKINS.[1]

April 22, 1927.

No. 25,977.

**Conviction sustained.**
 1. Evidence held sufficient to support a conviction of attempt to commit rape.

**Failure to charge not reviewable.**
 2. In the absence of a request an accused cannot predicate error on a failure to charge as to a lesser offense.

**Assault in the third degree.**
 3. The evidence did not call for a charge as to assault in the third degree.

**Cautionary instruction.**
 4. A cautionary instruction rests in the discretion of the trial court.

**Discrediting of witness by proof of collateral matters.**
 5. Whether collateral matters may be proved to discredit a witness is within the discretion of the trial court.

Criminal Law, 16 C. J. p. 960 n. 57; p. 1024 n. 80; p. 1056 n. 20.
Rape, 33 Cyc. p. 1433 n. 47; p. 1493 n. 72; p. 1504 n. 21.
Witnesses, 40 Cyc. p. 2699 n. 38.

Defendant appealed from a judgment of the district court for Hennepin county, Montgomery, J. Affirmed.

*Paul E. Hadlick* and *Geo. A. Heisey,* for appellant.

*Clifford L. Hilton,* Attorney General, *Floyd B. Olson,* County Attorney, and *William C. Larson,* Assistant County Attorney, for the state.

WILSON, C. J.

Defendant appealed from a judgment. He was convicted of the crime of an attempt to commit rape.

[1]Reported in 213 N. W. 923.

1. The girl was 14 years old. It is urged upon authority of State v. Connelly, 57 Minn. 482, 59 N. W. 479, and other cases, that the evidence is insufficient. We are not so convinced. An examination of the record satisfies us that the question was for the jury. A girl of such tender years might not resort to the same degree or character of force as an older person. The record does not disclose anything to indicate that her resistance was not real or that it was not exerted in good faith. The jury could well conclude that her resistance was proportionate to the occasion, having in mind the relative physical strength of both parties.

2. The failure to instruct the jury that defendant might be convicted of assault in the second degree (on the theory that he committed an assault with intent to commit a felony) is assigned as error. It would not have been error if such charge had been given. But the rule is well settled that an accused cannot predicate error on failure to charge as to a lesser offense when he has not requested such charge. State v. Johnson, 37 Minn. 493, 35 N. W. 373; State v. Sailor, 130 Minn. 84, 153 N. W. 271; State v. Gaularpp, 144 Minn. 86, 174 N. W. 445; State v. Brinkman, 145 Minn. 18, 175 N. W. 1006; State v. Abdo, 149 Minn. 195, 183 N. W. 143; State v. O'Connor, 154 Minn. 45, 191 N. W. 50; State v. McLeavey, 157 Minn. 408, 196 N. W. 645. The record called for an instruction permitting a conviction of the crime of indecent assault. Defendant not only did not ask for this instruction but, on the contrary, he asked that it be not given. He could not, and is not now trying, to complain as to this omission.

3. It is doubtful if the record shows a request for a charge as to assault in the third degree. But assuming that it does, we are of the opinion that defendant, if guilty at all, was guilty of a more serious offense. The offense, if any, for its details, rests upon the testimony of the girl alone. Defendant denies every claim she makes and denies being present. There is nothing in the record, that we observe, to lead the jury to say that defendant was guilty of an assault in the third degree. If defendant did not indulge in sensualization he did nothing. Hence the court properly refrained from giving such instruction.

4. It is urged that the court should have given a cautionary instruction pointing out the danger involved in convicting the defendant upon the sole testimony of the prosecutrix. Such instructions rest in the discretion of the trial court. The girl in this case has corroboration but not as to what occurred in the room· where the crime was committed. No such instruction was requested.

5. The trial court excluded defendant's offer of proof in which he proposed to show: That shortly after the day of the alleged offense the prosecutrix, suffering with gonorrhea, went to the Wells Memorial for treatment; that from there she was sent to the city police matron, to whom she stated that defendant, as an incident to the alleged offense, had given her the disease; that defendant had never had such disease.

This offer of proof was made to indicate the line of evidence defendant sought to have received for the purpose of impeaching the witness. Defendant was indicted for rape. The evidence did not prove one of the main essentials of the offense. It permitted a conviction of an attempt. This offer was an effort to prove a previous statement by the witness which did not differ from any direct statement made by her on the witness stand, but it was an effort to prove, first, that she had made a particular statement, and secondly, that the statement was false. It was directed to a nonjudicial utterance which was collateral to the subject matter of her testimony in court. In the cross-examination of a witness a fact is collateral when it is of such character that the cross-examining party could not prove it as a part of his case. It has been said that a witness cannot be cross-examined as to collateral or irrelevant matters for the purpose of drawing from him statements which may be contradicted and thus discredited. Paddock v. Kappahan, 41 Minn. 528, 43 N. W. 393; 40 Cyc. 2569. Our recent decisions hold that the admissibility of collateral matters rests in the discretion of the trial court. Sullivan v. Minneapolis St. Ry. Co. 161 Minn. 45, 200 N. W. 922; Farmers & Merchants Nat. Bank v. Przymus, 161 Minn. 85, 200 N. W. 931. The theory of impeaching a witness by prior statements is that such statements contradict the witness' testimony at the trial or at least such statements must be inconsistent with his testimony.

Affirmed.