## STATE v. STEVEN JAMES GAFNER.

168 N.W. (2d) 680.

June 6, 1969—No. 41164.

*C. Paul Jones,* State Public Defender, *Robert E. Oliphant,* Assistant State Public Defender, and *Robert F. Collins,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *Francis H. Watson,* County Attorney, and *Leonard T. Street,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

Appeal from the judgment of conviction and from an order of the district court denying defendant's motion for a new trial.

Defendant-appellant, Steven James Gafner, was charged by information with the crime of unauthorized use of a motor vehicle in violation of Minn. St. 609.55. It appears from the evidence that on the night of March 14, 1967, defendant was missing from the State Training School at Red Wing. At the trial the evidence tended to show that defendant was in possession of and operating a certain motor vehicle in the city of Duluth on the morning of March 15, 1967. The evidence further showed prima facie that the said motor vehicle had been taken in Red Wing without its owner's consent.

There was evidence at the trial that defendant was observed by the arresting officer driving the vehicle in the company of another person. There was no direct evidence whatsoever that defendant himself was involved in the taking of the motor vehicle. Defendant did not take the stand in his own behalf to negate any inferences that he "took" the motor vehicle because of the direct evidence against him that he "used" the motor vehicle.

Defendant requested an instruction that Minn. St. 609.605(9), which involves using a motor vehicle without the owner's permission, is a lesser included offense of § 609.55, which involves both taking and using a motor vehicle without the owner's permission, and that the jury could find defendant guilty of the lesser offense. The instruction

sought was refused and defendant moved for a new trial on the basis of that refusal, appealing from the denial of that motion.

Defendant's assignments of error raise two questions: (1) Whether an offense defined by one section of the statutes, § 609.605(9), is a lesser included offense of a crime defined by another section, § 609.55; and (2) if it is, whether it is prejudicial error not to submit the lesser included offense to the jury as an alternative verdict.

Defendant contends that in the case at bar all the justifiable inferences and the evidence of legislative intent indicate that § 609.605 (9) is a lesser included offense of § 609.55. He argues, on the second point, that the case law has established that it is prejudicial error not to submit a lesser included offense to the jury as an alternative verdict where it is not certain that the defendant is either guilty as charged or not at all.

The state cites State v. Jordan, 272 Minn. 84, 136 N. W. (2d) 601, for the proposition that it is proper for the judge to weigh the evidence to determine whether it would justify a finding that defendant could have committed the lesser crime without committing the greater. Defendant contends that the state misconstrues a dictum of the Jordan case to arrive at the foregoing proposition and then to go on to argue that the weight of the evidence was against defendant. Defendant argues that the state presented no direct evidence that he did that act which turns the lesser offense into the greater, and that the state's line of reasoning shifts the burden of proof to defendant to show his innocence of the greater offense. The trial court appears to have adopted the dictum of the Jordan case in ruling against defendant on his motion for a new trial, denying to defendant the presumption of innocence with respect to the element which distinguished the lesser offense from the greater, namely, the "taking" of a vehicle.

Section 609.55, under which the prosecution was had, reads as follows:

"Subdivision 1. For the purposes of this section 'motor vehicle' means any self-propelled device for moving persons or property or pulling implements from one place to another, whether such device is operated on land, rails, water, or in the air.

"Subd. 2. Whoever intentionally takes and drives a motor vehicle without the consent of the owner or his authorized agent may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $3,000, or both."

Section 609.605 provides:

"Whoever intentionally does any of the following may be sentenced to imprisonment for not more than 90 days or to payment of a fine of not more than $100:

\* \* \* \* \*

"(9) Without the permission of the owner, tampers with or gets into or upon a motor vehicle as defined in section 609.55, subdivision 1, or rides in or upon such motor vehicle knowing it was taken and is being driven by another without the permission of the owner."

The Advisory Committee Comment on § 609.605(9), 40 M. S. A. p. 570, contains the following statement:

"Clause (9), the first portion, covers like provisions in Minn. St. § 168.47 of the traffic code. The other provisions of that section are considered in the comment to recommended § 609.55.

"The latter portion of Clause (9) beginning 'rides in or upon . . .' is new. It is intended to cover the case where 'A' using a car without the permission of the owner invites 'B' to ride with him. 'B' knows that 'A' has no authority to use the car. To ride in the car with this knowledge, it is believed, should be made a misdemeanor. There is a question whether a case of this kind would presently come within the provisions of Minn. St. § 168.49. If it does, the act would constitute a felony, a consequence believed too harsh. See comment to § 609.55."

State v. Pankratz, 238 Minn. 517, 57 N. W. (2d) 635, cited by both the state and defendant, contains the following statement with respect to the submission of a lesser degree of the crime charged (238 Minn. 538, 57 N. W. [2d] 647):

"With respect to the submission of a lesser degree of the crime of which defendant is indicted, we believe that the correct rule is stated in State v. Stevens, 184 Minn. 286, 291, 238 N. W. 673, 675. In

that case defendant was indicted for manslaughter in the first degree. Over the objection and exception of defendant, the court submitted manslaughter in the second degree, and the jury found defendant guilty of such lesser degree of the crime charged. On appeal, defendant assigned as error the court's submission, over his objection, of the lesser degree. We said:

" 'Where it is clear that a particular crime has been committed and there is no evidence justifying a verdict of any lesser degree than the one charged in the indictment, it is the duty of the court to instruct the jury that it is their duty to convict of the particular crime or acquit. State v. Nelson, 91 Minn. 143, 97 N. W. 652; State v. Morris, 149 Minn. 41, 182 N. W. 721. Where there is no evidence to justify a verdict in a lesser degree, it should not be submitted to the jury. State v. Potoniec, 117 Minn. 80, 134 N. W. 305. Where however the evidence may be construed as covering a lesser degree of a crime charged, it is the duty of the court to submit that degree. State v. Tuomi, 167 Minn. 74, 208 N. W. 528.'

"Where the evidence will justify a verdict of a lesser degree of the crime than is charged in the indictment, defendant may not demand as a matter of right that the court submit only the degree of the crime charged in the indictment. If, however, his request to do so is granted by the court, he cannot thereafter complain of the court's action."

The latest case which concerns itself with similar issues is State v. Jordan, *supra*. There we said (272 Minn. 86, 136 N. W. [2d] 603):

"There are five principles which apply with respect to the submission of included crimes for consideration by the jury:

"(a) A person prosecuted for a crime may be convicted either of the crime charged or an included crime, but not both.

"(b) If a defendant is guilty as charged, or not at all, instructions with respect to lesser but included crimes are not appropriate.

"(c) If the evidence adduced at trial would permit a finding of guilty of an included crime, defendant is entitled to appropriate instructions advising the jury of its power to return a verdict of guilty of the lesser offense.

"(d) The right of the defendant to have such instructions given to the jury may be waived (d1) expressly or (d2) implicitly by failure to make proper request for such admission.

"(e) Where the jury is provided with forms of verdicts and paragraph (c) above applies, a form of verdict should be included for use by the jury if it finds the defendant guilty of the lesser but included offense."

Evidently the court below chose to follow principle (b). Defendant on this appeal contends that this case comes under the principle set forth in (c) and that he was therefore entitled to appropriate instructions advising the jury of its power to return a verdict finding him guilty of the lesser offense specified in § 609.605.

The members of this court feel that it would have been appropriate for the trial court to apply principle (c) as being consonant with the intent of the legislature relative to §§ 609.55 and 609.605(9) and with the fact situation which this appeal presents. We accordingly grant a new trial.

Reversed and new trial granted.