## STATE v. C. PATRICK KEENAN.

184 N. W. (2d) 410.

February 2, 1971—No. 42119.

314

*C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

Appeal from a judgment of the Ramsey County District Court convicting defendant-appellant, C. Patrick Keenan, of kidnapping in violation of Minn. St. 609.25.

On September 14, 1968, about 11:30 p. m., defendant was driving alone in a westerly direction on University Avenue in St. Paul. Near the intersection of University Avenue and Western Avenue, he saw a woman who limped quite badly, walking on the sidewalk in the same direction he was traveling. Defendant drove around the block and pulled up at the intersection as the woman was crossing Western on University. Defendant then spoke to the woman, asking her if she could tell him where Hamline Avenue was. She gave him directions, and defendant then offered her a ride. She refused at first, but after further persuasion she accepted and asked if he would take her to the corner of University Avenue and Dale Street, a distance of about 4 blocks.

The woman, Mrs. Loretta A. Anderson, had been playing bingo at the Uni-Dale Club at University and Virginia, had just left the club, and was walking home when defendant saw her and offered her a ride. Mrs. Anderson is a middle-aged woman and

has severe arthritis which causes her to limp when she walks. Mrs. Anderson testified that the reason she had accepted defendant's offer was that the ride would have saved her several steps and the pain which she knew would accompany any walking that she did.

After Mrs. Anderson got into the car, defendant drove down University Avenue to Dale Street. Mrs. Anderson testified that when they came to the corner of University and Dale she said, "Here's where I get out," but defendant turned right onto Dale Street. Mrs. Anderson further testified that she was "scared to death" and at that time she opened the car door and tried to get out. However, defendant did not stop the car but kept going north on Dale. He grabbed her as the car was moving, and according to Mrs. Anderson's testimony, hit her in the chest and stomach. The car proceeded north about 11 blocks to the three-way intersection of Dale and Front Streets and Como Avenue. All during this time, Mrs. Anderson was screaming and kicking, with her legs hanging out the open car door, while defendant was trying to restrain her and close the door. Finally, at the Dale, Front, and Como intersection, when the car stopped for a traffic light, Mrs. Anderson got out of the car and called for help. Defendant left the scene immediately, but his license number was noted by a couple who were driving in close proximity to defendant's car and who gave assistance to Mrs. Anderson after she left his car.

Defendant testified that he offered to take Mrs. Anderson to her home and that she consented, but that when he turned right at Dale Street she informed him that she wanted to get off at the corner. He testified that he confined her to the car for her own safety because the door was open and the car was still moving. When asked on cross-examination why he did not stop at any of the 10 intersections between University and Dale and Dale, Front, and Como, defendant replied that he wanted to avoid a rear-end collision, that there were too many cars parked along

the street, and that he could not maneuver properly while driving with only one hand.

Mrs. Anderson was taken home and later to a hospital where she was confined for a month. She had suffered bruises over her chest and a large laceration of her left leg which required surgery. Defendant does not deny that these injuries were caused by his physical actions in detaining her in his car.

Defendant was subsequently charged by information with kidnapping Mrs. Anderson in violation of Minn. St. 609.25. After a jury trial which lasted two days, he was found guilty, and on March 18, 1969, he was sentenced to a term of imprisonment of up to 12 years by the Ramsey County District Court.

The relevant portion of Minn. St. 609.25 states:

"Subdivision 1. Whoever, for any of the following purposes, confines or removes from one place to another, any person without his consent or, if he is under the age of 16 years, without the consent of his parents or other legal custodian, is guilty of kidnapping and may be sentenced as provided in subdivision 2:

\* \* \* \* \*

"(3) To commit great bodily harm or to terrorize the victim or another.".

The legal issues raised in this appeal are the following: (1) Was the trial court required to submit to the jury the lesser included charge of false imprisonment in the absence of a request therefor by defendant? (a) Did the evidence legitimately raise the lesser included offense of false imprisonment? (b) Did defendant waive its submission? (2) Was defendant afforded adequate aid and representation by his counsel?

■ Minn. St. 609.04 provides that a person charged with a crime may be convicted of an included crime or the crime charged, but not both. The Advisory Committee Comment on the statute states in part (40 M. S. A. p. 62):

"\* \* \* Decisions under Minn. St. § 610.11 [the predecessor of § 609.04] have raised the question under what state of the

proof must the court give or not give an instruction to the jury that the jury may convict of the included offenses involved in the crime being charged. If there is no evidence warranting the lesser offense, it is error to give the charge. If there is such evidence, it is error not to give the charge *if requested by the defendant.*" (Italics supplied.)

It is clear that false imprisonment is a lesser included offense of the crime of kidnapping. There are minor differences between the wording of the two statutes. The kidnapping statute contains the words "confines and removes," and the false imprisonment statute says "confines and restrains." Minn. St. 609.25 and 609.255. The Advisory Committee Comment on § 609.25 states in part (40 M. S. A. p. 292):

"* * * It is the intent which makes the imprisonment the serious crime known as kidnapping."

Defendant contends that the evidence before the jury clearly would have permitted a finding of guilty of the lesser offense of false imprisonment and that the jury should have been instructed that it could find defendant guilty of false imprisonment if it found that he had confined the victim against her will but without the intent to terrorize her. Under such circumstances, he argues, it was the court's duty to submit the lesser offense of false imprisonment along the kidnapping charge.

This court disagrees with defendant's contention. The evidence shows that defendant restrained Mrs. Anderson from leaving his car and that she received serious bruises about her chest. These injuries, combined with the lacerations and bruises that she received on her legs, indicate that she suffered great bodily harm at defendant's hands, a fact that he does not deny. We think these facts would also justify the jury in finding that defendant had an intent to terrorize Mrs. Anderson. The charge of kidnapping, with its elements of intent to commit bodily harm or to terrorize, fits this fact situation. False imprisonment, with its elements of unlawful confinement or restraint, does not ade-

quately meet the gravity of the situation, nor was that offense clearly raised by the evidence at trial. Under these circumstances the trial court was not required to submit the lesser offense in the absence of a request therefor.

■ Assuming the evidence had justified the submission of the lesser charge of false imprisonment to the jury, there is authority to the effect that if a defendant does not request an instruction and if the trial court does not give an instruction on a lesser included crime, it is not reversible error for a jury to convict on the original charge. State v. Gavle, 234 Minn. 186, 48 N. W. (2d) 44; State v. Jenkins, 171 Minn. 173, 213 N. W. 923; State v. Jordan, 272 Minn. 84, 136 N. W. (2d) 601. In Jordan, this court set out the following principles with respect to the submission of included crimes for consideration by the jury:

"(a)    A person prosecuted for a crime may be convicted either of the crime charged or an included crime, but not both.

"(b)    If a defendant is guilty as charged, or not at all, instructions with respect to lesser but included crimes are not appropriate.

"(c)    If the evidence adduced at trial would permit a finding of guilty of an included crime, defendant is entitled to appropriate instructions advising the jury of its power to return a verdict of guilty of the lesser offense.

"(d)    The right of the defendant to have such instructions given to the jury may be waived (d1) expressly or (d2) implicitly by failure to make proper request for such submission.

"(e)    Where the jury is provided with forms of verdicts and paragraph (c) above applies, a form of verdict should be included for use by the jury if it finds the defendant guilty of the lesser but included offense." 272 Minn. 86, 136 N. W. (2d) 604.

The defendant argues that (c) above should have been applied by the trial court and the jury should have been instructed on the lesser charge of false imprisonment. However, in Jordan and in State v. Gafner, 283 Minn. 466, 168 N. W. (2d) 680, cited by

defendant for further support of his theory, the defendant requested submission of the lesser included crimes to the jury at the time of trial, but these requests were denied by the trial judge. In the instant case, the only request for instruction on a lesser charge at any time during the trial or in chambers related to the question of whether Mrs. Anderson suffered great bodily harm while confined by defendant, and defense counsel, late in his closing argument, waived this issue by conceding that Mrs. Anderson had suffered great bodily harm. The record shows no other instances of requested charges for lesser and included offenses.

Therefore, it seems conclusive that defendant's position falls not under paragraph (c), but under paragraph (d) of the principles set out in State v. Jordan, *supra,* because by his failure to request the charge of false imprisonment defendant impliedly waived his right to have that charge submitted to the jury. We have often held that a defendant may not complain of a failure to submit a specific charge to the jury when he had not made a request therefor to the trial court. State v. Johnson, 37 Minn. 493, 35 N. W. 373; State v. Sailor, 130 Minn. 84, 153 N. W. 271; State v. Gaularpp, 144 Minn. 86, 174 N. W. 445; State v. O'Connor, 154 Minn. 45, 191 N. W. 50; State v. McLeavey, 157 Minn. 408, 196 N. W. 645; State v. Beaudette, 168 Minn. 444, 210 N. W. 286. Requesting the jury to find defendant guilty of the kidnapping charge or innocent of any crime, without compromising on a lesser charge, may have been a trial tactic of defense counsel. This court has held that its function is not to second-guess defense counsel's choice of trial strategy, even where, with the benefit of hindsight, that choice seems erroneous. State v. Sutton, 277 Minn. 157, 152 N. W. (2d) 57.

The record in the instant case is clear. The evidence shows that no error was committed by the trial court in failing to instruct the jury on the lesser included crime of false imprisonment. It also shows that defendant by failing to request the instruction

at trial waived its submission to the jury under the authority of State v. Jordan, *supra,* and the other cases above cited.

■ This court has, by numerous decisions, shown its awareness of the importance to an accused of his right to adequate representation of counsel. However, to be sufficient, allegations of incompetence on the part of counsel must disclose a performance so incompetent as to make the trial a farce or mockery of justice. State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785; State v. Lund, 277 Minn. 90, 151 N. W. (2d) 769; Adler v. State, 284 Minn. 31, 169 N. W. (2d) 233. This court has also been reluctant to reverse convictions on the grounds of inadequacy of counsel where, as here, defendant selected his own trial counsel, unless the alleged inadequacy is particularly flagrant. State ex rel. Black v. Tahash, 280 Minn. 155, 158 N. W. (2d) 504. Defendant alleges three errors by his retained counsel in the instant case: (1) Defense counsel's failure to request submission of the lesser included charge of false imprisonment; (2) defense counsel's failure to object to certain hearsay testimony in a timely manner; (3) defense counsel's failure to object to oral admissions not expressly testified to in a Rasmussen hearing.

Upon a careful examination of the record, we conclude that the alleged errors raised by defendant do not, in any instance, constitute reversible error. As was stated in State v. Russell, 272 Minn. 463, 465, 138 N. W. (2d) 690, 692:

"* * * To establish ineffective representation, it is not sufficient to complain about counsel's failure to challenge certain jurors or his failure to make proper objections and to submit requested instructions which a careful scrutiny of a transcribed record arguably might indicate would have been desirable. * * * Further:

" '* * * Where the defense is conducted by counsel selected by defendant * * *, it is only under very exceptional circumstances that a new trial will be granted on account of the manner in which the defense was conducted * * *.' "

See, State v. Billington, 241 Minn. 418, 424, 63 N. W. (2d) 387, 391.

Much of what was said in disposing of the first issue in this case is relevant to defendant's assertion of inadequacy of counsel because of counsel's failure to request the lesser included offense of false imprisonment. The evidence before the trial court did not require submission of the lesser included offense to the jury. This court has held that counsel cannot be deemed incompetent for failing to make a motion or request that would have been denied. State ex rel. Fruhrman v. Tahash, 275 Minn. 242, 146 N. W. (2d) 174.

Defendant's second and third claims relative to his counsel's alleged inadequacy do not present reversible error. In State v. Bailey, 270 Minn. 64, 132 N. W. (2d) 720, defendant was convicted of grand larceny and appealed to this court from the judgment, alleging that he was deprived of a fair trial because his attorney had no previous trial experience in criminal cases and failed to object when the prosecution sought to impeach one of its own witnesses. This court in affirming the conviction quoted United States v. Cariola (D. N. J.) 211 F. Supp. 423, 427, as follows (270 Minn. 70, 132 N. W. [2d] 724):

"* * * Mere improvident strategy, bad tactics, mistake, carelessness, or inexperience do not necessarily amount to ineffective assistance of counsel unless taken as a whole the trial was a mockery of justice."

In State v. Gorman, 219 Minn. 162, 170, 17 N. W. (2d) 42, 46, which was also cited in Bailey, this court concluded:

"Absent infidelity on the part of his attorney, defendant should not be permitted to urge ignorance or incompetence of or mismanagement by the attorney as ground for a new trial, even in a criminal case. Certainly not where there is no strong showing of incompetence and prejudice."

Defendant's second and third allegations fall within the pur-

322

view of the Bailey case. There is no strong showing of either incompetence or prejudice on the part of defense counsel on the record of this case. A completely spotless record rarely is to be found. The representation accorded by defense counsel, when weighed against the standards set out by this court, is manifestly adequate.

Affirmed.