E. E. HARRIOTT v. C. L. HOLMES.

July 12, 1899.

Nos. 11,572—(172).

| 77 | 245 |
|----|-----|
| 81 | 215 |
| 77 | 245 |
| 82 | 460 |
| 77 | 245 |
| 83 | 287 |

**Broker's Commission—Charge to Jury—Interest of Witness in Result.**

Action to recover a broker's commission of $390 for making a sale of real estate by plaintiff's assignor for the defendant. The trial court instructed the jury that, in weighing the testimony of the defendant, they had a right to take into consideration the great interest which he naturally felt in the result of the suit, and the strong temptation which he naturally felt to give evidence favorable to himself. *Held*, that the giving of the instruction was prejudicial error, in view of the particular circumstances of this case.

Action in the district court for Redwood county to recover the amount of a broker's commission. The case was tried before Webber, J., and a jury, which rendered a verdict in favor of plaintiff; and from an order denying a motion for a new trial, defendant appealed. Reversed.

*D. A. Stuart*, for appellant.

*E. E. Harriott*, pro se.

START, C. J.

Action by the plaintiff, as the assignee of O. L. Dornberg, to recover a broker's commission, in the sum of $390, for making sale of certain real estate for the defendant. Verdict for the plaintiff for the amount claimed, and the defendant appealed from an order denying his motion for a new trial.

The allegations of the complaint are to the effect: That O. L. Dornberg and the defendant entered into a written contract whereby the latter employed and authorized the former to sell, and find a purchaser for, a tract of land owned by the defendant, containing 640 acres, on the following terms:

"$22.00 an acre. Payments: $2,500 down; $1,500 Nov. 1, 1898; balance on equal payments, not to exceed two. The purchaser to assume the mortgage. Price and terms subject to change. Commission to remain the same. I agree to furnish a complete and merchantable abstract, and perfect title, with all taxes paid, and

agree to pay you five per cent. commission as soon as sale is made, or, if sold within the specified time, will accept $13,376 net for same on the terms stated."

That Dornberg, pursuant to the contract, procured a purchaser for 400 acres of the land at the price of $7,800, and that the defendant accepted his services in making such sale, and accepted and ratified the terms thereof, in writing. That by the terms of the contract the defendant promised to pay Dornberg for making such sale, as soon as made, a commission of five per cent. on the purchase price, which has not been paid, and that his claim therefor has been duly assigned to the plaintiff. The answer denied that Dornberg procured a purchaser for the land pursuant to the contract. It alleged that the signature of the defendant to the ratification of a proposed purchase and sale of a part of the land was procured by fraud. This was the important issue on the trial, and Dornberg, on behalf of the plaintiff, and the defendant, for himself, were the principal witnesses thereon. Their testimony was radically conflicting. The plaintiff was not called as a witness, as he necessarily was obliged to rely upon his assignor, Dornberg, to establish his cause of action.

The trial court instructed the jury that, in weighing the evidence of the different witnesses, the jury had a right to take into consideration the interest which any witness had in the result of the suit, if any such appeared, and then gave to them this further instruction:

"Under the laws of this state, the parties to a civil action have a right to be sworn as witnesses, and to give evidence in their own behalf, and one of the parties to this action has availed himself of this right, and has been sworn as a witness, and has given evidence in his own behalf; but, while the law makes this competent evidence, its weight is exclusively a question for the jury to determine, *and in weighing the evidence of the defendant the jury have a right to take into consideration the great interest which he naturally feels in the result of the suit, and the strong temptation which he naturally feels to give evidence favorable to himself,* and to give his evidence such weight, and only such weight, as the jury think it ought to receive. You, gentlemen of the jury, are the exclusive judges of all questions of fact, and of the credibility of each and every witness who has testified on the trial."

The defendant excepted to the giving of so much of this instruction as we have italicized, and assigns the giving of it as error.

In determining whether the giving of this instruction was prejudicial error, its context and the particular facts of this case must be considered. The court correctly charged the jury that they might take into consideration the interest of the witnesses in the result of the action; then the defendant is singled out, and the jury instructed particularly as to his credibility; but nothing was said as to Dornberg, who had covenanted with the plaintiff that the claim against the defendant was justly due, and who was directly interested in maintaining the action, and whose alleged fraud was the principal issue in the case. The plaintiff was not sworn as a witness, as he knew nothing personally as to the issues; and necessarily his right to recover rested upon the testimony of Dornberg, the real party in interest, which was contradicted by the defendant. The important question for the jury to determine was which of these witnesses was entitled to credit. Such being the case, the court, after calling attention to the fact that parties have a right to be sworn as witnesses, and that one of the parties to this action had availed himself of this right and given evidence in his own behalf, then instructs the jury that in weighing his testimony they have a right to take into consideration the great interest he naturally feels in the result of the suit, and the strong temptation he naturally feels to give evidence favorable to himself. The instruction assumes as a fact or legal inference that, because there was $390 involved in the result of the action, the defendant naturally felt a great interest in the result, and a strong temptation to give evidence favorable to himself. If such was the fact as to the defendant, what of Dornberg, who had not only the same pecuniary, interest in the result of the action, but the further interest of vindicating himself from the charge of fraud made against him?

The giving of the instruction complained of was prejudicial error, as applied to the particular facts of this case, because it singled out the defendant, in violation of the rule that the trial court must not charge as to the credibility of particular witnesses of the same class. The instruction did not leave the defendant and the witness Dornberg before the jury on equal terms. It also invaded the prov-

ince of the jury, in assuming that the defendant naturally felt a strong temptation to give testimony favorable to himself. The vice in the instruction was not cured by the general charge that the jury were the exclusive judges of all questions of fact and the credibility of the witnesses. We hold that it was prejudicial error to give the instruction. It follows that there must be a new trial of this action, because of error in giving the instruction complained of.

It is proper, with reference to such trial, to dispose of the question raised by the defendant, that the complaint does not state a cause of action. The complaint shows upon its face that the plaintiff's assignor procured a purchaser, pursuant to the contract, for a portion of the real estate he was authorized to sell, before there was any revocation of his authority to sell, and that the defendant ratified the change in the terms of the sale as to quantity and price. The rate of commission remained the same. The complaint states a cause of action. Hewitt v. Brown, 21 Minn. 163; Vaughan v. McCarthy, 59 Minn. 199, 60 N. W. 1075.

Order reversed, and a new trial granted.