STATE v. WILLIAM HOY.[1]

May 24, 1901.

Nos. 12,544—(10).

Criminal Law—Erroneous Charge to Jury.

An instruction to the jury in a criminal prosecution in the following language is *held* erroneous and prejudicial to defendant, viz.: "You will not allow yourselves to be imposed upon, nor led into the belief of unreasonable stories on the part of either the prosecution or of the defense. You must bear in mind the tendency on the part of the guilty, when accused of crime, to fabricate some story or stories which they think may effect their acquittal."

Appeal by defendant from an order of the district court for St. Louis county, Cant, J., denying a motion for a new trial. Reversed.

*John H. Steele* and *Oscar Mitchell*, for appellant.

*W. B. Douglas*, Attorney General, and *C. W. Somerby*, Assistant Attorney General, for respondent.

[1] Reported in 86 N. W. 98.

BROWN, J.

Appellant was convicted in the district court of St. Louis county of the crime of grand larceny in the first degree, and appeals from the judgment rendered against him.

There is but one question in the case, and that is presented by an exception to the charge of the trial judge to the jury. In speaking on the subject of the credit to be given to several witnesses, the court charged the jury as follows:

"You will not allow yourselves to be imposed upon, nor led into the belief of unreasonable stories on the part of either the prosecution or of the defense. *You must bear in mind the tendency on the part of the guilty, when accused of crime, to fabricate some story or stories which they think may effect their acquittal.* You must also bear in mind that the innocent, when accused, have a right to make a full statement of the truth in their defense, and to avail themselves of it to the utmost."

To the part of the charge we have italicized, defendant excepted, and it is contended that the instruction was erroneous and prejudicial.

It is undoubtedly within the province of a trial court, and perhaps its duty, to give cautionary instructions to the jury relative to the weight and credit to be given the testimony of the witnesses. Suggestions to the jury on this subject, however, should be general, and applied equally to all who have been sworn in the case. It is proper to say that the jury should take into consideration, in weighing the testimony of the witnesses, the interest each is shown to have in the result of the action, their appearance on the stand, the manner in which each gave his testimony, and all facts or circumstances shown on the trial tending to their credit or discredit. But the court must not charge as to the credibility of particular witnesses. Harriott v. Holmes, 77 Minn. 245, 79 N. W. 1003. To do so would be an unwarranted invasion of the rights of the parties to have the weight of the testimony determined by the jury. Taking the portion excepted to in connection with the entire charge to the jury, we were first impressed that it was probably harmless error; but further reflection satisfies us that the jury may have understood the court to refer to the defendant, and as casting upon him an imputation of guilt. This

portion of the charge, with all reference to the prosecution or state omitted, will read as follows:

"You will not allow yourselves to be imposed upon, nor led into the belief of unreasonable stories on the part of  *  *  *  the defense.  You must bear in mind the tendency on the part of the guilty, when accused of crime, to fabricate some story or stories which they think may effect their acquittal.  *  *  *"

There can be no question as to the prejudicial character and effect of this instruction, and its vice was in no measure palliated because of the fact that the jury were also admonished not to be led into the belief of unreasonable stories on the part of the prosecution.  Whether defendant had fabricated stories or not was exclusively a question for the jury to determine.  The court had no right to refer to the possibility or probability of his having done so.  We do not wish to be understood as holding that the learned trial judge intended to cast any reflections upon defendant or to discredit his testimony.  The whole charge bears a commendable tone of fairness, and is not open to criticism, save in the respect excepted to.  But we must take the language employed, and construe it with reference to the question whether it might reasonably have been understood by the jury in a light prejudicial to defendant.  That it is reasonably susceptible of such construction seems clear.  For this reason, a new trial must be granted.

Judgment reversed, and a new trial granted.