EFFIE KINCAID v. FRANK F. JUNGKUNZ.[1]

January 7, 1910.

Nos. 16,339—(71).

**Conversion of Household Goods — Charge to Jury.**

> Action for the conversion of household goods. The defendant claimed them under a bill of sale thereof, purporting to have been given by plaintiff's husband. The evidence was conflicting. *Held*, that the trial court erred in its charge to the jury to the effect that there was no evidence to justify them in finding that the bill of sale should not stand for what it appears to be, and, further, that they might consider whether the plaintiff's husband would have given the bill of sale, if he was not the owner of the property attempted to be transferred.

Action in the district court for Wilkin county to recover $1,500 for the alleged conversion of certain household property worth $500. The case was tried before Flaherty, J., and a jury which rendered a verdict in favor of defendant. From an order denying plaintiff's motion to set aside the verdict and for a new trial, she appealed. Reversed and new trial ordered.

*Chas. S. Marden* and *W. B. Douglas,* for appellant.

*Houpt & Field,* for respondent.

START, C. J.

Action in conversion, brought in the district court of the county of Wilkin, on December 2, 1905, to recover the value of certain household furniture and goods, of the value of $500, of which the complaint alleged the plaintiff was the owner, and that they were con-

[1] Reported in 123 N. W. 1082.

verted by the defendant to his own use. The answer was a general denial. Verdict for the defendant, and the plaintiff appealed from an order denying her motion for a new trial.

It appears from the record, without substantial controversy, that the plaintiff's husband, John Kincaid, worked on shares the defendant's farm in the county of Wilkin, and that when he went upon the farm he gave a chattel mortgage to the defendant on his farm utensils and all crops to be raised on the farm, but not upon any household furniture and goods; that on November 2, 1905, the defendant took from John Kincaid a bill of sale of all of the property covered by the chattel mortgage, which also purported on its face to sell to the defendant all the household furniture and goods then in the house on the farm, except "bed covers and gifts," and, further, that the defendant on November 27, 1905, took possession of such household furniture and goods and sold them.

There was also evidence tending to show that the plaintiff, and not her husband, was the owner of the household furniture and goods, and that she never consented to the giving of the bill of sale thereof; that the plaintiff's husband did not read the bill of sale, nor was it read to him, nor can he read; and, further, that he did not know that the household furniture and goods were in the bill of sale when he signed it, and did not so learn until about the time the defendant took possession of them. On the other hand, the defendant gave testimony tending to show that the bill of sale was prepared in the presence of the plaintiff and her husband, that it was read over to them, and both assented thereto, and, further, that the household furniture and goods were put into the bill of sale by the defendant at the request of Mr. and Mrs. Kincaid, and that he did so simply to satisfy them.

The trial court instructed the jury as follows: "It appears that the bill of sale was submitted to him and he signed it, and (it is a valid instrument in so far as the evidence offered in this case appears. There has been no evidence submitted or tendered in this case that would justify the jury in saying that the instrument should not stand for what it appears to be). Now, that would not be conclusive on the plaintiff in this case, the wife of the man who gave the

109 M.—26

bill of sale. It would merely be a representation on his part that he was the owner of the property. It would amount to that. But because of the close relationship existing between husband and wife (you are to consider, in connection with the other testimony in the case, whether the husband of plaintiff would have represented to the defendant in this case that he was the owner of the property, and you also may consider whether he would have given a bill of sale attempting to transfer the title of the property to the defendant, unless he was the owner of it at the time of the execution of the instrument that I have referred to)." The plaintiff severally assigns as error the giving of the part of the charge which we have placed in parentheses.

The giving of each of the instructions was substantial and reversible error. The first one, construing it as favorable for the plaintiff as its language will permit, is an instruction to the effect that the evidence was not sufficient to justify the jury in finding that the bill of sale of the household goods was not valid as between the defendant and the plaintiff's husband. The evidence did not justify this instruction, for there was evidence tending to show that the bill of sale as to the household goods was not valid. The second instruction was error, for it was a clear violation of the rule that the trial judge must not, in charging the jury, single out and give undue prominence and emphasis to particular items of evidence, or circumstances, favorable to one of the parties only. Harriott v. Holmes, 77 Minn. 245, 79 N. W. 1003; State v. Yates, 99 Minn. 461, 109 N. W. 1070. If the jury had been instructed that they were to consider, in connection with the other testimony, whether the plaintiff, or her husband, or both, would have given voluntarily, without any consideration, a bill of sale of all their household goods—the prop which supported their home—and faced the world empty-handed, it would have been manifestly erroneous. Such an instruction, however, would have been just as proper as the one that was given.

The trial court, at the close of its charge, asked, "Are there any corrections or requests?" Counsel on each side answered, "No." This was a waiver of any claim that the instruction was indefinite or misleading, but not, as defendant claims, of the right to assign

errors on a motion for a new trial to instructions deliberately given which were. erroneous. To, hold otherwise would enable the trial court, by a simple question, to deprive counsel of the benefit of that deliberate consideration of its charge given by the statute. R. L. 1905, § 4200.

Order reversed, and a new trial granted.