# STATE v. AMOS FLOCKEY.[1]

December 18, 1914.

Nos. 19,068—(15).

**Robbery — verdict sustained by evidence.**

In a prosecution for robbery the evidence is *held* sufficient to support the verdict of guilty, and that there was no abuse of discretion in denying a new trial on the ground of newly discovered evidence.

Defendant was indicted by the grand jury for the crime of robbery, tried in the district court for Hennepin county before Booth, J., and a jury, and convicted. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John F. Bernhagen,* for appellant.

*Lyndon A. Smith,* Attorney General, *James Robertson,* County Attorney, and *Mathias Baldwin,* First Assistant County Attorney, for respondent.

BROWN, C. J.

Defendant was convicted of robbery and appealed from an order denying a new trial.

It appears from the evidence offered by the state that on December 30, 1913, at about 9:30 o'clock, p. m. defendant and two companions called at the residence of complainant for the ostensible purpose of making inquiry concerning the sale by complainant of a mortgaged team of horses. This was a means to an end and not the real object of the call. Complainant was not at home at the time and the parties awaited his return from a temporary absence. Complainant's wife was at home but had retired for the night. Complainant soon returned and after some moments of conversation he was violently seized by two of the men and held while the third forcibly took from him the sum of about $125. Complainant notified the police, and

1 Reported in 150 N. W. 168.

defendant was arrested the following day and charged with being a participant in the crime. He was taken to police headquarters and upon being questioned admitted his connection with the matter, and stated also that the money was divided between the parties. Complainant had personally known defendant for a number of years, and positively identified him as one of the persons who committed the robbery. Defendant was a witness in his own behalf, and admitted that he was at the residence of complainant at about the hour when it is claimed the crime was committed; that he accompanied the other men, who desired information concerning the mortgaged team, at their request and because they did not know the street or number of complainant's residence. One of these persons he knew only as "Tom," and did not know the other person at all, who appears to have been a friend of Tom. He further testified that he took his departure immediately on, the return of complainant and after informing him of the object of the visit, and further that no robbery was contemplated by him when taking the parties to complainant's residence, and none was committed by the other persons during the time he was present. He testified that at the time of his arrest he was badly intoxicated and had no recollection of making any statements to the officers; nor had he any recollection of making any statements to them the following day.

Defendant's motion for a new trial included the ground of newly discovered evidence, and the principal contention on this appeal is that the trial court erred in not granting a new trial on that ground. Two affidavits were presented in support of this part of the motion, one by the wife of complainant, and the other by one Meyer. The affidavit of the wife was to the effect that, between 6 :30 and 7 o'clock p. m. of the day in question, "three men came to my room while my husband" "was absent and took, stole and carried away from my possession the sum of one hundred dollars, more or less," that she was not acquainted with the men and did not know either of them; that the money belonged to her husband, and was given to her by him at about 5 o'clock in the evening of that day. The affidavit of Meyer was to the effect that he saw complainant at the saloon of one Stearn at about 7 o'clock, making an effort to call the police over

the telephone to inform them of the theft of this money. The contention of defendant is that if the affidavit of the wife and Meyer be true, the crime charged and attempted to be proven by the state was not committed as so charged, namely, at 9 :30 o'clock, and from complainant, on the contrary was committed at the time stated in the wife's affidavit and from her during complainant's absence. And it is insisted that the new evidence clearly disproves the charge and that it was an abuse of discretion to deny a new trial. In this we do not concur. It appears that complainant was somewhat under the influence of liquor during the day in question and left this money with Stearn, the saloonkeeper, for safe keeping. It was returned to complainant at about 5 o'clock in the afternoon, and he took it to his home and placed it in charge of his wife who was ill at home and in bed. Complainant testified that when defendant and the other men came to the house at 9 :30 o'clock he took the money from under the wife's pillow and put it in his pocket, and that defendant and his companions immediately forcibly took it from him. The affidavit of the wife, stating that the money was taken from her between 6 :30 and 7 o'clock, during the absence of complainant, evidently does not state the facts as they actually occurred. The evidence received on the trial discloses the fact that she was quite sick, suffering from paralysis, and unable to speak intelligently, and the excitement incident to the commission of the crime undoubtedly disturbed her to such an extent that she subsequently did not know the true situation, and probably believed that the money was taken from her by one of the robbers, when it was in fact taken by her husband as he testified on the trial. The discrepancy in respect to the precise time of the crime is not of controlling importance. She was confused and it is not shown that she was in a position to know the precise hour at which the crime was committed. The same may be said of the affidavit of Meyer, fixing the hour at which complainant was at the saloon calling over the telephone for the police. He evidently was mistaken as to the hour. At any rate the affidavits were for the consideration of the trial court, and we discover no reason for holding that it was an abuse of discretion to deny the motion for a new trial.

The evidence fully sustains the verdict, and the order appealed from must be affirmed.

Order affirmed.