## STATE v. ROXY DALLAS.[1]

February 6, 1920.

No. 21,580.

**Criminal law — corroboration of accomplice.**

1. There was ample evidence to corroborate the testimony of the accomplice, and the weight and credit to be given to such evidence was a question for the jury.

**New trial not justified.**

2. The newly discovered evidence did not justify granting a new trial.

**Charge to jury prejudicial.**

3. The charge was prejudicial to the rights of defendant in that it was argumentative, discredited the testimony of defendant, and gave undue emphasis and credit to the testimony of the accomplice.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of robbery in the first degree. Defendant withdrew his plea of not guilty of the crime of grand larceny in the first degree and in person pleaded guilty of the crime of grand larceny in the second degree. The case was tried in the district court before Fish, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Brady, Robertson & Bonner,* for appellant.

*Clifford L. Hilton,* Attorney General, *William M. Nash,* County Attorney, and *Floyd B. Olson,* Assistant County Attorney, for respondent.

TAYLOR, C.

Defendant was convicted of the crime of robbery in the first degree and appealed from an order denying his motion for a new trial.

1. Defendant contends that the evidence is not sufficient to sustain the verdict.

This contention is not based on the claim that there was no evidence

[1]Reported in 176 N. W. 491.

tending to prove defendant's guilt, for John Lakos, the man who was robbed, and also the witness West testified directly and positively to the fact of the robbery and that defendant was one of the two men who committed it, but is based on the claim that the testimony of Lakos at the trial in the district court differed from his testimony at the preliminary examination in the municipal court to such an extent that it should have been rejected, and that West was an accomplice whose uncorroborated testimony would not warrant a conviction. There were discrepancies in the description which Lakos gave of the two men who robbed him, the most marked being that in the municipal court he said that defendant was the larger of the two and in the district court that defendant was the smaller of the two. But his testimony concerning the robbery itself and the manner in which it was committed was substantially the same in both courts. There was no ground for the rejection of this testimony and its credibility and weight were for the jury. If credited it amply corroborated the testimony of West.

2. Defendant contends that the attitude of the court during the trial tended to convey to the jury the impression that defendant was guilty. We have examined the record and fail to find any just ground for this complaint.

3. Defendant based his motion for a new trial, in part, on the claim of newly discovered evidence. Two days before the opening of this trial the witness West had been sentenced to the state prison on his plea of guilty of the crime of grand larceny in the second degree. On the day following the completion of the trial, this sentence was vacated and West was sentenced to the workhouse for the term of one year. Defendant presented the court record, showing the vacation of the original sentence and the imposition of the second sentence, as the newly discovered evidence on which he based this part of his motion. The reason for changing the sentence does not appear. This record has no bearing as tending to prove either the guilt or innocence of the defendant in the present case. At most it could only suggest a motive for the testimony of the witness West, and is not sufficient to justify granting a new trial. State v. Schreiber, 111 Minn. 138, 126 N. W. 536; State v. Flockey, 128 Minn. 40, 150 N. W. 168; State v. Hunter, 131 Minn. 252, 154 N. W. 1083, L.R.A. 1916C, 566.

4.   Defendant's contention that the court erred in its charge to the jury presents the important question in the case.

The witness West testified that on the night of the robbery he drove defendant and two other men, Frank Meyers and Mark Rogers, from St. Paul to Minneapolis in an automobile; that he and Meyers remained with the automobile at a street corner, while defendant and Rogers robbed Lakos; that later they drove back to St. Paul and all four spent the remainder of the night in the same hotel.   Defendant testified that he was not in Minneapolis that night and knew nothing of the robbery, but that the other three came to a hotel in St. Paul, where he happened to be, about two o'clock in the morning, and that he slept in the same room with them the remainder of the night.

In his charge the court stated: "The principal conflict in the testimony relates to the presence of the defendant Roxy Dallas, with the other three men in that car that night down here on Fifth or Sixth avenue and Sixth street at the place where this man was held up.   If he was there; and you are satisfied of that, then there isn't much conflict left.   He says he wasn't there.   He admits he was in St. Paul with the men that night and that he occupied a room with them at a hotel that you have heard named."   The court then stated the reason defendant gave for being at the hotel; that West testified to a different state of facts; that it was for the jury to determine the weight to be given to this testimony, and if West's testimony was true and was supported by other evidence, "then you will be justified beyond question in finding him guilty."   Later the court said: "The question of fact is whether the defendant, Roxy Dallas, was in with these other thieves, those that are in custody, or whether he was not—whether he was a member of the gang."   Then after telling the jury that they must judge the value of the testimony of all the witnesses "not only those for the state, but for the defense, and of the defendant's own testimony," he told them:

"Take into account the motive, any motive which may be apparent, which you may be able to discover, any fact or circumstance proven in the case, why should a witness declare this or deny that, has he anything to gain or to lose?   Of course the defendant is an interested witness.   It is highly important to him that you should believe his story, because if you reject it he is subjected to a penalty.   You take that into account in

estimating what he has said. You will carefully consider what motive, if any, the witness West may have in falsely accusing the man Dallas; what he has to gain by it; what does he think he might gain by it? I am not aware that any motive has been suggested except the hope on his part that by aiding through his testimony in convicting this defendant, he might receive some favor at the hands of the authorities. Now it has been intimated here that there may have been some promise on the part of the prosecuting officers. Nobody has testified to that. The witness Davis I think did say that West told him that he had a promise. Any such promise as that, of course, would have been gross misconduct on the part of the prosecuting officers, and inasmuch as the law presumes that everybody, even those accused of crime, are innocent until the contrary is established, the same presumption ought in good faith to be accepted as to these public officials. We ought not to presume that they are guilty of improper conduct without proof. Of course you have a right to take into account the zeal, and the possible partisanship of the prosecuting officers, of a policeman or sheriff or a prosecuting attorney, but you should not presume that they have been guilty of any improper conduct any more than you should presume that the defendant here is guilty without proof. In other words you should be fair, fair to the state as well as to the defendant."

He later called attention to the changes from the harsh provisions of the law of former times which have been made for the protection of the accused and then remarked:

"And in addition to that we have adopted the somewhat marvelous system of allowing the defendant to have the last argument to the jury. I am not aware that that is permitted in any other state of the Union. It is one of the extreme steps that we have taken here to give to a defendant accused of crime every opportunity to meet the charge which the state brings."

After directing attention to defendant's association with thieves and telling the jury that if West's testimony was true and was corroborated they would "be justified beyond question in finding him [defendant] guilty," and telling them that the question was whether defendant "was in with these other thieves," "was a member of the gang," he called attention to defendant's interest in the outcome and told the jury to take

that into consideration in weighing his testimony in this pointed language: "Of course the defendant is an interested witness. It is highly important to him that you should believe his story, because if you reject it he is subjected to a penalty. You take that into account in estimating what he has said." These discrediting references to defendant were further emphasized by calling attention to the privileges accorded him and the opportunity afforded to meet the charges against him, and were immediately followed by an argument tending to enhance the credit to be given to the testimony of the accomplice, West. This charge transgressed the rule that a charge should not be argumentative, and should not discredit the testimony of one witness and give undue emphasis to the testimony of another, and was substantial and reversible error. State v. Nestaval, 72 Minn. 415, 75 N. W. 725; Harriott v. Holmes, 77 Minn. 245, 79 N. W. 1003; Goodhue F. W. Co. v. Davis, 81 Minn. 210, 83 N. W. 531; State v. Hoy, 83 Minn. 286, 86 N. W. 982; State v. Yates, 99 Minn. 461, 109 N. W. 1070; Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763; Kincaid v. Jungkunz, 109 Minn. 400, 123 N. W. 1082; State v. Almos, 122 Minn. 479, 142 N. W. 801; Gran v. Gran, 129 Minn. 531, 152 N. W. 269; State v. Sailor, 130 Minn. 84, 153 N. W. 271.

It follows that defendant is entitled to a new trial, and the order appealed from is reversed and a new trial granted.

HALLAM, J.
I dissent.