## CLAIRE I. WEIKERT v. OSCAR BLOMSTER.[1]

December 11, 1942.

No. 33,278.

*R. F. Schroeder,* for appellant.
*W. E. Barnacle,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Defendant appeals from an order of the municipal court of St. Paul which denied (1) his alternative motion for judgment or a new trial, and (2) his motion for an order vacating a previous order of the court dated March 4, 1942, reopening garnishment proceedings and requiring defendant to restore and return to the garnishee therein any and all moneys in the possession of the garnishee at the time of the disclosure.

[1]Reported in 6 N. W. (2d) 798.

Plaintiff, an attorney at law, was employed by defendant, Oscar Blomster, to prosecute a personal injury action against one Edward Anderson. The employment was on a contingent basis of one-third of the amount recovered. The case was tried in July 1934 and resulted in a verdict for Blomster for $645. Judgment was entered on the verdict on July 16, 1934. Continued efforts on the part of plaintiff to collect the judgment from Anderson were unavailing. Execution was returned unsatisfied by the sheriff. Supplementary proceedings were instituted, but no money or property was found upon which to levy. Negotiations were had between plaintiff and Anderson's attorney in an effort to bring about an adjustment. Settlement offers were made by Anderson's attorney, communicated by plaintiff to Blomster, and rejected by Blomster. Plaintiff and defendant coöperated in their efforts to locate property belonging to Anderson upon which to realize, but without success. Correspondence passed between the parties from time to time up to June 1940. Defendant does not claim to have discharged plaintiff or terminated the employment. In December 1941, plaintiff learned that on October 24, 1941, Blomster, through another attorney, had settled his claim against Anderson for $500 and that the judgment was satisfied of record. He promptly applied to the district court and had the judgment against Anderson reinstated for one-third of the amount for which it had been settled and obtained a lien thereon as security for his fee. Another execution against Anderson was returned unsatisfied, whereupon plaintiff instituted this suit against Blomster. The municipal court directed a verdict for plaintiff against Blomster for $170.42.

As ancillary to the action, plaintiff commenced garnishment proceedings against the Northwestern State Bank of St. Paul. Service upon the garnishee was made at 10:15 a. m., December 23, 1941. Service was made upon defendant at about seven o'clock that evening. Defendant answered. The garnishee appeared and disclosed that it had money of defendant in its possession. Defendant then moved that the garnishment be set aside on the

ground that no action was pending at the time of the service of the garnishment papers. The municipal court thereupon set aside the garnishment and released the garnishee. Then, on motion by plaintiff, the court reopened the garnishment proceedings and ordered defendant to restore and return to the garnishee all moneys withdrawn and ordered the garnishee to hold all defendant's money in its possession until further order of the court.

■ Defendant urges on appeal that the trial court erred in reinstating the garnishment proceedings and in directing a verdict for plaintiff. He contends that the court was without jurisdiction to hear the garnishment disclosure on the ground that there was no action pending at the time of service upon the garnishee. However, defendant answered and thereby appeared generally in the action. He cannot thereafter move to dismiss the garnishment solely on jurisdictional grounds. The rule is stated in Chapman v. Foshay, 184 Minn. 318, 322, 238 N. W. 637, 639:

"After the court had obtained jurisdiction over defendant by his general appearance in the action, and over the garnishee by his voluntary appearance and disclosure in the garnishee proceeding, it was then too late to move to dismiss the garnishment solely on jurisdictional grounds, and especially on the ground of want of jurisdiction over the garnishee."

In this case, defendant answered and the garnishee voluntarily appeared and disclosed; the court was thereby clothed with jurisdiction. The order vacating a previous order dismissing the garnishee and requiring defendant to restore and return to the garnishee all of his moneys in possession of the garnishee at the time of the disclosure was proper.

■ Upon the evidence adduced at the trial, the court's direction of a verdict for plaintiff was correct. We recognize the rule that a party may settle a controversy without advising his attorney of it. Southworth v. Rosendahl, 133 Minn. 447, 158 N. W. 717, 3 A. L. R. 468; Huber v. Johnson, 68 Minn. 74, 70 N. W. 806, 64 A. S. R. 456. The reason for the rule is found in the policy that

there should be an end to litigation and that compromises and settlements should be encouraged. The reason for that rule is inapplicable here, because the action had already proceeded to judgment. Furthermore, where an attorney is employed for a particular litigated controversy, with an agreement for a fixed compensation in the event of a successful termination of the case, and thereafter the client, without cause or justifiable reason, discharges the attorney and employs another, who proceeds with the matter to a successful end, the attorney is entitled to the agreed compensation. Moyer v. Cantieny, 41 Minn. 242, 42 N. W. 1060; Southworth v. Rosendahl, 133 Minn. 447, 158 N. W. 717, 3 A. L. R. 468, *supra*. Here the client did not discharge his attorney or even attempt to do so. He accepted plaintiff's services in obtaining the judgment and in attempting to enforce it. No construction could be given to the employment contract except that plaintiff was to be paid for his services one-third of the amount recovered. The evidence required a verdict for plaintiff, and it was properly directed.

The order appealed from is affirmed.