### CASEBOLT v. MID–CONTINENT AIR-LINES, Inc.
### Civ. No. 2968.

United States District Court
D. Minnesota, Fourth Division.

Sept. 24, 1949.

Roland J. Oliver, of St. Paul, Minnesota, for Joseph P. Tracy, the objector.

Donald A. Morken and Stinchfield, Mackall, Crounse & Moore, of Minneapolis, Minnesota, for plaintiff.

Frank Janes and Nathan Cobb, of Minneapolis, Minnesota, for defendant.

NORDBYE, Chief Judge.

Plaintiff brought this action against defendant for personal injuries allegedly suffered while plaintiff was a passenger on one of defendant's regularly scheduled commercial air flights. The matter now is before the Court upon plaintiff's motion to substitute attorneys and to dismiss this action so another one may be prosecuted in Texas, where plaintiff resides. The attorney (hereinafter called the objector) who commenced this action in this Court on behalf of plaintiff objects to the substitution of attorneys and dismissal upon the ground that he has not been paid; and he contends that, because of his lien rights, he should be protected if the motion is granted. Defendant, while represented by counsel at the hearing, took no part in the controversy evidenced by this motion.

At the hearing of plaintiff's motion, both the counsel for the plaintiff and the counsel for the objector agreed to submit to the Court at this time the single question, What is the measure of compensation for an attorney who assumedly commenced a personal injury action in good faith upon a contingent fee agreement for a certain per cent of the amount recovered but was discharged assumedly without cause before the action could be tried? The Court intends to determine no other question of law nor any question of fact by this order.

That a client may discharge an attorney with or without cause and employ new counsel is clearly established. Lawler v. Dunn, 145 Minn. 281, 176 N.W. 989; Krippner v. Matz, 205 Minn. 497, 287 N.W. 19. The only question concerns the measure of compensation which counsel assume for the purposes of this motion that the objector is entitled to receive. Counsel for the objector contends that his client is entitled to the agreed contract price—one-third of the recovery. (He recognizes, however, that the objector can collect only one-ninth because he would have paid two-ninths to another attorney who would have been employed to try the case). Plaintiff contends that the objector is entitled only to the reasonable value of his services and therefore can recover only in quantum meruit. The Minnesota cases are relied upon by both parties.

The question is dealt with principally by the leading cases of Moyer v. Cantieny, 41 Minn. 242, 42 N.W. 1060; Southworth v. Rosendahl, 133 Minn. 447, 158 N.W. 717, 3 A.L.R. 468; Lawler v. Dunn, 145 Minn. 281, 176 N.W. 989, and Krippner v. Matz, 205 Minn. 497, 287 N.W. 19. In the Cantieny case, the defendant agreed to pay to the plaintiff attorney $200 if the attorney could obtain a pardon for the defendant's son. The pay was contingent upon obtaining the pardon. Shortly before the pardon was granted, the attorney was discharged. But the work he had performed was largely responsible for the pardon. The court awarded the attorney the agreed compensation of $200, for which he had sued on the contract. The objector here relies upon

this case for the proposition that when and if the cause of action which plaintiff has against the defendant is terminated favorably to plaintiff, he is entitled to the percentage fee which plaintiff agreed to pay him.

But if that is the holding of the Cantieny case, it does not appear to be the present law of Minnesota. For in Lawler v. Dunn, 145 Minn. 281, 176 N.W. 989, the Supreme Court held, 145 Minn. at pages 283–284, 176 N.W. at page 990, that in so far as the Cantieny case held or might be construed to hold "that an attorney, when either rightfully or wrongfully discharged by his client * * * is not limited to the reasonable value of his services, it is overruled." No Minnesota case decided since Lawler v. Dunn reverses this holding. In the Lawler case, the court held that the attorney there could recover only the reasonable value of services he had rendered, in quantum meruit. The attorney had sought to recover for services rendered upon on the theory of damages for breach of contract. That case did involve an alleged agreement between the defendant and his attorney that the attorney would be paid the reasonable value of his services. But the court did not rely upon that agreement. The court relied upon Martin v. Camp, 219 N.Y. 170, 174, 176, 114 N.E. 46, L.R.A. 1917F, 402. Stating the rule for Minnesota by quoting from the Martin case, the Supreme Court declared, 219 N.Y. at page 284, 114 N.E. at page 48:

"The discharge of an attorney by his client does not constitute a breach of the contract, because it is a term of such contract, implied from the peculiar relationship which the contract calls into existence, that the client may terminate the contract at any time with or without cause. * * * and it follows from this rule, by necessary implication, that if the client has the right to terminate the contract, he cannot be made liable in damages for doing that which under the contract he has the right to do. * * *

"The rule secures to the attorney the right to recover the reasonable value of the services which he has rendered, and is

well calculated to promote public confidence in the members of an honorable profession whose relation to their clients is personal and confidential. What has been said declaratory of the rule that the attorney is limited to a recovery upon a quantum meruit does not relate to a case where the attorney in entering into such a contract has changed his position or incurred expense, or to a case where an attorney is employed under a general retainer for a fixed period to perform legal services in relation to matters that may arise during the period of the contract. The plaintiff's right of action is limited to a recovery for the reasonable value of services rendered."

The objector here apparently predicates his claim upon some theory of damages for breach of contract. For he concedes that he must deduct from his claim the amount which he would have had to pay to another lawyer to try the case. He had not planned to try the case if such was required. Under the Lawler case, damages cannot be recovered. If the objector herein seeks to recover on the contract as in the Cantieny case, his analogy is insufficient. For in the Cantieny case the attorney's work was responsible for the result reached in the case. In effect, substantial performance existed. That situation is not present here. The Lawler v. Dunn case appears to state the present Minnesota rule with respect to compensation for discharged attorneys. Although the action was for damages, the case is in point here because it states the proper rule for measuring compensation. It has been reaffirmed by dictum in Krippner v. Matz, 205 Minn. 497, at page 506, 287 N.W. 19, 24. In the latter case, the court said, " * * * a client has full power to discharge his attorney without cause at any time, being liable only in such event for the reasonable value of the services rendered. Lawler v. Dunn, supra." See also Seibert v. Seibert, 186 Minn. 274, at page 276, 243 N.W. 59; Pye v. Diebold, 204 Minn. 319, 283 N.W. 487, and Anderson v. High, 211 Minn. 227, at page 230, 300 N.W. 597, which state the same rule. These cases, like the Lawler case, state the rule as a general one, not one applicable only to certain cases of discharge.

Although Weikert v. Blomster, 213 Minn. 373, at page 376. 6 N.W.2d 798, at page 799, declares that "where an attorney is employed for a particular litigated controversy, with an agreement for a fixed compensation in the event of a successful termination of the case, and thereafter the client, without cause or justifiable reason, discharges the attorney and employs another, who proceeds with the matter to a successful end, the attorney is entitled to the agreed compensation", the case overlooks the Pye case, the Krippner case, the Lawler case, the Seibert case, and the High case. It relies principally upon the Cantieny case which has been overruled for the general proposition for which it was cited in the Weikert case. The court's general statement must be read strictly in light of the facts of the Weikert case. As the court pointed out, in that case "the client did not discharge his attorney or even attempt to do so." The attorney performed the contract. When read in light of the facts of the case, the statement which would be dictum if applied generally becomes sound decision and is consistent with the previous decisions which the court did not purport to contradict or overrule. The Weikert case does not affect the rule applicable here.

Southworth v. Rosendahl, 133 Minn. 447, 158 N.W. 717, 3 A.L.R. 468, relied upon by the objector herein, was decided before the Lawler case and it involved a case of settlement without the consent of the attorney. In the Lawler case the court relied upon the Southworth case's principle. For in settlement cases, like in discharge cases, the client is entitled to desert his attorney. But the court did not hold in either the Lawler case or in the Southworth case that settlement cases were always in point for discharge cases, as the objector herein assumes. Consequently, all the settlement cases which the objector cites are not necessarily in point although the attorney involved in some of them may have received the contract fee to which the client originally agreed. The Krippner case also in-

918

volved a settlement situation. In that case the court recognized that when an "ascertained amount" was paid to the client upon settlement, the attorney has been held to be entitled to the contract fee. But in the instant case, like the usual discharge case, no ascertained amount has been paid to the plaintiff, as of the time of discharge. In the settlement cases which are most analogous—if settlement cases are analogous in Minnesota—the court has awarded only reasonable fees under a quantum meruit theory. Southworth v. Rosendahl, supra; Krippner v. Matz, supra. In those settlement cases, like in discharge cases, no money was paid to the client. Significantly, it was that type of settlement case which was recognized by the court in the Lawler case when it stated the general rule for discharge cases. Moreover, counsel overlooks that in most of the settlement cases he cites as authority, an ascertained amount had been given the client, and the attorney claiming the fees still was that client's attorney. His contract still was in effect. His work up to that point had brought the case to the stage where the case was settled. An analogous situation is not present here. In Miner v. Payne, 150 Minn. 103, at page 106, 184 N.W. 673, at page 675, the Supreme Court held that discharge cases like the Lawler case are "not at all in point" for settlement cases in which an ascertained amount was paid to the client.

Upon all the premises, therefore, the objecting attorney herein is entitled only to the reasonable value of the services rendered by him. It is so ordered. An exception is allowed.

Because counsel have agreed that this single question should be decided at this time, the Court will give counsel an opportunity to be heard on the question as to what conditions, if any, should be imposed before a dismissal of plaintiff's action and substitution of counsel is allowed. Hearing on that question, and as to any others relative to the matter before the Court, may be had before me on October 3, 1949, at 10 o'clock a. m. Counsel will govern themselves accordingly.